## Louisville, Henderson & St. Louis Railway Company v. Powell, County Superintendent, et al.

(Decided March 16, 1926.)

### Appeal from Meade Circuit Court.

1. Schools and School Districts—Corporate Property Covered by Two Districts is White and Colored in Proportion to Number of White or Colored Children, and is Taxable Proportionately.—Corporate

property in all territory covered by two districts is both white and colored in proportion that number of white or colored children of school age bears to whole, and is taxable proportionately.

2.  Schools and School Districts—Law Requiring Railroad to Pay White Graded School Rate on its Colored Property Held Discriminatory and Invalid (Constitution, Sections 171, 174; Ky. Stats., Section 4101).—Under Constitution, sections 171, 174, Ky. Stats., section 4101, is discriminatory and invalid to the extent that it requires a railroad to pay white graded school rate on its colored property.

3.  Schools and School Districts—Tax Rate on Railroad Property in District is in Proportion to Number of White and Colored School Children.—Railroad property in district, wherein 93 school children were white and 15 colored, is taxable at rate imposed by white graded school at only 93/108 of its property and the balance at rate levied by county for common school purposes.

JOHN MARSHALL, JR., WOODWARD, WARFIELD & HOBSON, JAMES R. SKILLMAN and JOHN D. HARDIN for appellant.

HOBSON L. JAMES and W. D. ASHCRAFT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is a proceeding under the Declaratory Judgment Act to determine the rights of the parties with respect to the amount of taxes payable for the year 1924 by appellant for use of the Ekron white graded school district, and the colored common school district covering the same territory.

The facts are these: By virtue of an election the tax rate for school purposes on the property of white persons in the Ekron district for the year 1924 was fixed at $1.00 on the $100.00. On the other hand, the county school levy on property outside of graded school districts was fifty cents on the $100.00. The value of appellant's property in the Ekron district as certified by the State Tax Commission for the year 1924 was $129,540.00. There are 108 children in the territory of which 93 are white and 15 are colored. Appellant insists that only its white property, or 93-108 of $129,540.00 is taxable at the $1.00 rate, and that its colored property, or 15-108 of $129,540.00, is taxable at the fifty cent rate levied by the county for common school purposes. On the other hand, appellees contend that appellant is liable for taxes on all of its property at the rate fixed by the white district and that the taxes should be paid to the county superintendent of schools and so apportioned by

him as to give to the county board of education for the use of the colored school the proportion of taxes that the number of colored children bears to the total number of white and colored children in the district, and the circuit court so adjudged.

It is true that section 4101 provides in substance that the tax levied by white graded or white common school district shall be paid by the railroad on all of its property in the district to the county superintendent and shall be apportioned and distributed by him between the white graded school or white common school district wherein said tax shall be collected, and any colored common school district located over the same boundary; and that the distribution shall be in the same ratio that the whole number of white children of pupil age and the whole number of colored children of pupil age residing in the district shall bear to the whole number of children both white and colored. However, we have recently held that corporate property in all territory covered by two districts is both white and colored in the proportion that the number of white or colored children of school age bears to the whole number of such children; that only white corporate property is taxable at the rate imposed by the white graded or common school district; and that colored corporate property is subject to the county levy for school purposes. Commonwealth v. Sebree Deposit Bank, 202 Ky. 589, 260 S. W. 388. As this is now the settled rule with respect to the taxation of other corporate property for school purposes, it is manifest that if a railroad is required to pay on all of its property at the rate fixed by the white graded school district, and that rate is higher than the county levy, it will pay more taxes on its colored property than other colored property whether belonging to individuals or other corporations is required to pay. On the other hand, if the rate levied by the white graded school district is less than the county levy for school purposes, the colored property of other corporations and individuals will pay less than the railroad is required to pay on the same kind of property. The result is, in either event, that section 4101, Kentucky Statutes, to the extent that it requires a railroad to pay the white graded school rate on its colored property, is discriminatory and invalid in view of section 171, Constitution, providing that taxes "shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax," and

section 174 of the Constitution providing that "all corporate property shall pay the same rate of taxation paid by individual property." We are therefore constrained to hold that only 93-108 of appellant's property is taxable at the rate imposed by the Ekron white graded school district, and that the remaining 15-108 is taxable at the rate levied by the county for common school purposes.

Wherefore, the judgment is reversed and cause remanded with directions to enter judgment in conformity with this opinion.

Whole court sitting.