## City of Jackson v. Riffle, et al.

(Decided May 6, 1927.)

### Appeal from Breathitt Circuit Court.

1. Municipal Corporations.—Where topography of city of fourth class made it impracticable to construct all sewers in and along streets and alleys, it may construct them along such other rights of way as it may acquire.
2. Municipal Corporations.—Sewer assessment against corner lots by counting shortest frontage on any street or alley, and, in addition, all frontage exceeding 100 feet on one other street or alley, held not so unfair or unreasonable as to make case of unjust discrimination.
3. Municipal Corporations.—City of fourth class has power to divide city into sewer districts, particularly where there is substantial difference of topography of various sections of city.

GRANNIS BACH for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

This is a proceeding by the city of Jackson under the Declaratory Judgment Act (Acts 1922, c. 83), to determine the validity and construction of an ordinance of the city of Jackson providing for the construction of a sewer system. Property owners representing the different classes of property affected by the ordinance were made parties.

The ordinance provides that the cost of constructing the sewers, including the intersections of same, and also mains and laterals for the common use and benefit

of all the sewers in the city, shall be assessed against the lots and parcels of land along, by or through which said sewers shall be constructed, according to the frontage of said lots or lands on the streets and alleys of the city, irrespective of whether the sewers are placed in the streets or alleys. The ordinance further provides that, in computing the amount of tax to be assessed against a corner or other lot abutting on more than one street or alley, there shall be counted the shortest frontage on any street or alley, and, in addition thereto, all frontage in excess of 100 feet on one other street or alley.

The trial court was of the opinion that no lot was liable to assessment, unless a sewer is constructed in or along a street or alley on which it abuts; that the method of assessing a corner or other lot abutting on more than one street or alley was proper; and that the said city had the right to provide for sewer districts. The city has appealed.

It is conceded that, on account of the topography of the city, it is impracticable to construct all the sewers in and along the streets or alleys. Indeed, in many instances, the ground is so hilly that property abutting on certain streets or alleys is lower than the street or alley, and a sewer in or along such street or alley would be of no benefit whatever to such abutting property. For this reason many of the sewer lines will have to be laid along drains or branches and through private property. Under the statute the board of council of cities of the fourth class may construct sewers along or under any of the streets, alleys, or highways of the city, or "such other rights of way as it may acquire." This language is broad enough to meet the situation here presented. If it be impracticable as appears from the record, to construct all the lines of sewer along or under streets, alleys, or highways, no reason is perceived why the council may not construct such sewers along such other rights of way as it may acquire by agreement or condemnation, and thus deal with the peculiar conditions in a practical and common sense way. The plan is fair and equitable. The owner of property which would be inaccessible to a sewer if laid in the street or alley on which it abuts pays on his frontage just as all other property owners do, and at the same time is furnished a sewer connection which he could not otherwise obtain.

There is the further question as to whether the method of assessing corner or other lots abutting on more than one street or alley is valid. Sewer systems are constructed, not only for the purpose of giving each property owner access thereto, but for the further purpose of promoting the health of the entire community. The question of plan and benefits must of necessity be left largely to the discretion of the council. A corner lot having access to a sewer on one side is not benefited by a sewer on the other side until the sewer on the other side becomes more accessible to that portion of the property which the owner may desire to improve. Since the plan applies to all corner lots similarly situated, and they pay, as all other lots do, according to frontage, and in proportion to the benefits received, and perfect equality is not possible, we are not prepared to say that the method of assessment is so unfair or unreasonable as to make out a case of unjust discrimination.

There can be no doubt of the power of a city of the fourth class to divide the city into sewer districts, and, particularly so, where there appears, as in this case, such a substantial difference in the topography of the various sections of the city.

On the whole, we are of the opinion that the ordinance is valid as applied to the peculiar conditions presented by the record.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.