## Maloney Davidson Co. v. Martin et al.

(Decided June 24, 1938.)

WILLIAM S. KAMMERER for appellant.

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Suit was instituted by appellant against appellees, Commissioner of Revenue, and other officers of the State, all having to do with the administration and enforcement of the laws relative to the taxing of alcoholic beverages and control of the traffic.

The suit was in the form of a declaratory proceeding, as is authorized by Section 639a-1 et seq. of the Civil Code of Practice.

(1) The court below was asked to declare that:

"Plaintiff is not required to purchase the stamps or pay the tax attempted to be required by the provisions of the Act, upon alcoholic beverages acquired or to be acquired by plaintiff for sale to other Kentucky wholesalers for permanent shipment, sale and consumption without the State."

(2) "That plaintiff is not subject to the penal-

ties which the Act imposes for failure to pay such tax.''

Obviously, a declaration on No. 1 disposes of No. 2.

The petition, as we observe it, complies with Code requirements and applicable rules, as to form and substance, so as to entitle plaintiff to the relief sought, if it is correct in its claimed construction of pertinent statutes.

It is alleged that plaintiff is a corporation, with its chief place of business in Louisville. Generally, it alleges its authorization to engage, and that it is engaged, in the wholesale distribution of alcoholic beverages, holding all necessary licenses and permits required by the United States, State, County and City Governments.

More specifically it alleges that it has contracted with manufacturers of alcoholic beverages in and out of the State, to sell and deliver at wholesale to other Kentucky wholesalers, such beverages by wholesale, for shipment permanently out of this State, there to be sold through retail outlets, without the State, and to be used and consumed without the State.

It shows itself to have by contract the exclusive right to sell products of the Frankfort Distilleries, Incorporated, some of such being manufactured in the State, and some without, to wholesalers and retailers, but its pleading reiterates, and makes it plain, that it is here dealing solely with wholesale sales made to other wholesalers in the State, where the product is to be by them shipped permanently out of the State, there to be sold at retail, and there consumed, or as it expresses the purpose ''for ultimate out of State sale, distribution and consumption.''

Plaintiff alleges that the State's officers, particularly those charged with the matter of taxing and controlling the particular business, are contending that the law makes such transactions as are above described, subject to a fixed tax, and requires it to comply with certain provisions requiring the affixing to packages, stamps showing payment of the tax, before sale or distribution by it in the manner related, with promises of application of the penalizing provisions of the statute upon noncompliance. Plaintiff contends that such

transactions as are described are not subject to the tax sought to be collected, nor to the taxpaid stamp fixing provision.

The relief sought was an order of injunction restraining the defendant from compelling compliance where the transaction is solely as described. The court sustained defendant's demurrer to the petition. Appellant declined to plead further, whereupon the court, without specifically declaring the rights, dismissed the petition.

Decision of the question presented requires the incorporation of certain sections of the Act, or their substance, relative to the taxation of alcoholic beverages, and perhaps some reference to portions of what is known as the Control Act.

References, unless otherwise noted, are to various sections of Chapter 1, Acts of the General Assembly, 3rd Special Session of 1936, embraced in Kentucky Statutes, 1936, Sections 4281c-1 to and including 4281c-25.

The title of the Act is:

"An Act relating to revenue and taxation on the sale and distribution of alcoholic beverages, and declaring an emergency."

The following definitions are fixed in the Act, subsection 7 of Section 1, Kentucky Statutes, sec. 4281c-1, subsec. 7:

" 'Wholesaler' means any one, whether distributor, jobber, broker, agent, or other person, whether enumerated in this Act or not who distributes alcoholic beverages for the purpose of being sold at retail * * *."

It is clear that plaintiff has by its pleading of the manner of conducting its business placed itself clearly within the definition of "wholesaler." There is no contention otherwise.

Subsection 9 defines retail sale to mean "sale by a retail outlet," and subsection 10 provides:

" 'Retail container' means and includes any bottle, can, barrel, or other container which without separable intermediate container holds alco-

holic beverage and which is suitable and destined for sale to a retail outlet, whether it is suitable for delivery to the consumer or not.''

Section 4 of the Act, Kentucky Statutes, sec. 4281c-4, fixes the rate of tax on spirits as follows:

"There is hereby levied upon the sale or distribution by sale or gift a tax of one dollar and four cents ($1.04) on each wine gallon of spirits and a like or proportional rate per gallon on spirits sold or distributed in any other container of more or less than one gallon. * * *''

Section 5, Kentucky Statutes, sec. 4281c-5, provides:

"The wholesaler who purchases or otherwise acquires title to any alcoholic beverage made taxable by this Act shall within twenty-four (24) hours from the time possession of said beverage is acquired affix or cause to be affixed the stamps required under the provisions of this act * * *.''

Section 13, Kentucky Statutes, sec. 4281c-13, provides:

"No alcoholic beverage in retail containers shall be sold for eventual retail sale or distribution by gift or retail sale in the State unless a stamp evidencing payment of the tax on said alcoholic beverages is in place on such container. No common carrier or other person shall transport alcoholic beverages in retail containers from one point to another within the State unless such stamp is in place. No retail outlet shall purchase or have in possession any alcoholic beverage except in retail containers to which such stamps have been properly affixed.''

Appellee relies mainly on parts of the sections quoted above in contending that appellant, in making sales by wholesale, eventually destined to persons outside the State, for ultimate sale by retail and consumption, without the State, is required to pay the tax levied by Section 4 of the Act, and affix the stamps showing payment, within the period after possession, or if not in possession, in the manner provided by Section 5.

Appellant places his reliance of exemption on Sec-

tion 14 of the Act, which is titled in the Statute (sec. 4281c-14):

"Sales by licensees when ultimate destination is undetermined," and reads: "The sale or distribution of alcoholic beverages manufactured in or imported into this State for shipment permanently out of the State to be sold through retail outlets without the State and consumed without the State shall not be subject to the tax imposed by this Act. Provided, however, that the containers of such alcoholic beverages for shipment permanently out of the State, to be sold through retail outlets without the State and consumed without the State shall have affixed hereon, in such manner as the Department may prescribe, a stamp provided under chapter one hundred forty-nine (149), Acts of the General Assembly of one thousand nine hundred thirty-four (1934) or (if no such stamp is required) an export stamp which must be furnished by the Department without charge."

We have observed Chapter 149 of the Acts of 1934, and nowhere do we find provision for the use of stamps to indicate the payment of the tax levied by that Act. There are provisions for issuance of permits, one on application to engage in the business, and another based on reports of the quantity of spirits manufactured, or stored. A special permit is required of shippers or transporters of liquor into the State, a copy of the permit to accompany the shipment, and a permit for transporters without the State. We fail to find any provisions of that Act which provides for a stamp or permit, to be attached or to accompany any shipment, or delivery of alcoholic beverages, in the manner described in appellant's petition.

A reading of the Act in question discloses that it is what its title calls it, "An Act" placing a tax "on the sale and distribution of alcoholic beverages." It is likewise observable that it is an excise, sales or consumer's tax, to be paid in the first instance by a seller, but no doubt finally collected from the ultimate consumer, by the addition of the tax by the wholesaler, or if not by him by the retailer, to the sales price of the beverage. In other words, we construe the Act to intend to provide (and it does so) that every container of alcoholic beverage reaching the hands of the retailer

should bear evidence that the required tax on the beverage had been paid to the proper authorities, and the act provides ample machinery for the purpose. Section 19 of the Act, Kentucky Statutes, sec. 4281c-19, with its specific provisions for reports by "every licensee" of his "trafficking in alcohol for the preceding month," no doubt will enable the Department to ascertain whether or not any particular transaction is designed to be used in retail outlets in the State, or such outlets without the State. There is no doubt but Secion 14 of the Act is broad enough to authorize the Department to require the affixing of a stamp in such form and manner as would indicate the purpose of the wholesaler to ship his wares permanently out of the State for foreign sale and consumption.

We have no difficulty in placing a correct construction on Section 14, which as it seems to us is a clear and unambiguous section.

It is evident that the purpose and intention of the law-making body, expressed in this section, was not to exact a tax on retail sales made in a foreign state, perhaps to remove the possibility of this State imposing and collecting a tax of $1.04 on the gallon (or proportional quantities) and of the foreign State imposing a like tax (not necessarily the same in amount) on retail sales in such State. A reading of section 12 of the Act, Kentucky Statutes, sec. 4281c-12, throws some light on the subject.

As we read appellee's brief it seems to admit the exemption, but endeavors to call into play other sections of the statute, which if read without any regard to the exempting statute, seemingly, makes the described transaction subject to the tax. It is also stated in brief that "It is well known that the Department of Revenue has available in the office of each wholesaler, reasonable and adequate means of verifying sales in order to distinguish between interstate and intrastate transactions."

We might add, as we have indicated above, that if it has not adequate means of ascertaining whether a sale by a wholesaler is intended for ultimate sale and consumption in Kentucky, or without the State, it has power broad enough to require its licensees to furnish full information.

Counsel for appellee points to Section 5 of the Act (sec. 4281c-5, Kentucky Statutes), which does require a wholesaler who acquires title, to alcoholic beverages to affix the stamp within a definite period, but this requirement is only as to such beverages as are "taxable by this Act."

It is also suggested that Section 13 provides that no common carrier or other person shall transport alcoholic beverages in retail containers from one point in the State to another "unless such stamp is in place." As we construe this section it would, when read with its context, mean that some stamp should be placed on a retail container, which "shall be for eventual retail sale or distribution by gift or retail sale, in the State." It is also provided that no retail outlet shall purchase or have in possession any alcoholic beverages except in containers, bearing the properly affixed stamp. Reference is also made to Section 23, and other sections of the Control Act, Kentucky Statutes, sec. 2554b-120 et seq.

The argument is, that these mentioned sections read along with others which might be quoted, show intent of the legislature to tax the transaction clearly described in the petition. This would be a convincing argument, if we were not faced with the definite exempting section or clause. It is true that exemption statutes, because in derogation of common right, and because of the special privilege-granted, are to be strictly construed. But here we have no difficulty in reaching the conclusion that the legislature, by the exemption section, intended to do just what the statute clearly does. It is also true that taxing statutes must be strictly construed as against the taxing authority.

We have determined that appellant has a right to sell to another wholesaler alcoholic beverages manufactured in, or imported into, this State, for shipment permanently out of the State, or to be sold and/or consumed without the State, without the payment of the tax levied by Section 4 of the Act. But before doing so, it should comply with so much of Section 12 of the Act, by affixing such a stamp, or evidence of eventual purpose as the Department of Revenue may require, and furnish to it without charge.

Judgment reversed.

The whole court sitting, except Judge Clay.