# Kentucky Tax Commission et al. v. Great Atlantic & Pacific Tea Co.

Nov. 24, 1939.

Hubert Meredith, Attorney General, and A. E. Funk, Assistant Attorney General, for appellants.

Carroll & McElwain for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This is the second appeal of this case, involving the constitutionality of the so-called Kentucky Chain Store Tax, Kentucky Statutes, Section 4202a-17. The petition filed under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., asserted the unconstitutionality of the act on several grounds and sought a recovery of taxes theretofore paid under it. The trial court sustained a demurrer to the petition and when the appellee declined to plead further its petition was dismissed. On appeal to this court the judgment was reversed, the opinion being found in 278 Ky. 367, 128 S. W. (2d) 581, 585.

In the opinion on the former appeal the question for decision, and the question decided, was stated as follows:

"The challenged act being strictly a revenue measure, the question for decision is whether, under our

Constitution as interpreted by the decisions of this Court, the classification of merchants into groups based on the number of stores operated for the purpose of taxation is arbitrary or unreasonable."

After stating the question presented for decision, the opinion on the former appeal concluded:

"We conclude that the classification made in the act under consideration is not a natural one, but is unreasonable and arbitrary, and that Section 5 of the Act, therefore, is invalid."

After the return of the case to the circuit court the appellants filed answer, to which a demurrer was sustained by the trial court, and on appellants' refusal to plead further, judgment was entered declaring the act to be unconstitutional and directing a return to the appellee of the amount of taxes paid by it under the act. From that judgment the present appeal is prosecuted.

The first paragraph of the answer presented a categorical denial of the allegations of the petition, particularly a denial that the classification defined in the act was unreasonable or arbitrary, which is merely a denial of the correctness of the conclusion reached by this court on the former appeal.

The second paragraph of the answer alleged affirmatively that the classification defined in the act was based upon "a reasonable relationship to the character of business operated." The answer then presented a specific list of so-called differences or advantages claimed to arise from the operation of more than one store to substantiate this contention. These differences or advantages as stated in the answer are in substance:

"(1) Differences in mode of operation,

"(2) Advantages in profits, cost of operation, advertising, overhead and purchasing power,

"(3) Advantages in marketing by reason of ability to shift merchandise from one store to another,

"(4) Greater buying power,

"(5) Advantages in arranging purchases in reference to taxing dates,

"(6) Maintaining foreign deposits of funds."

It is insisted with great earnestness that paragraph 1 of the answer, being a denial of the allegations of the petition, necessarily stated a defense. The fallacy in this contention lies in the assumption by the appellants that the opinion on the former appeal depended on the truth of any allegation of fact contained in the petition. Such was not the case. It is apparent from that opinion that had the petition merely alleged the payment of taxes by the appellee and asserted the unconstitutionality of the act as being based on an unreasonable, arbitrary and unnatural classification, the decision would have been the same.

While it was alleged in the petition that the tax imposed was confiscatory, and while it would have been necessary to prove this allegation to demonstrate unconstitutionality on this ground, as in Martin, Commissioner of Revenue, et al. v. Nocero Ice Cream Company et al., 269 Ky. 151, 106 S. W. (2d) 64, it was unnecessary, in attacking the constitutionality of the act on the ground that the classification was arbitrary, unreasonable and unnatural, to allege a factual situation demonstrating this.

Counsel for appellants insist with great earnestness that the facts alleged in the second paragraph of the answer constitute a defense but, in thus construing the effect of the former opinion, they overlook the policy of this court, and of other courts, to resolve all doubts in favor of the constitutionality of an act and in determining the validity of a statutory classification to consider as proven any state of facts that would sustain the classification.

It is the generally accepted rule that when a statutory classification is called in question, if any state of facts can reasonably be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed by the court. Pacific States Box & Basket Company v. White, 296 U. S. 176, 56 S. Ct. 159, 80 L. Ed. 138, 101 A. L. R. 853; Rast v. VanDeman & Lewis Company, 240 U. S. 342, 36 S. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; Bolivar Tp., Board of Finance of Benton County v. Hawkins, 207 Ind. 171, 191 N. E. 158, 96 A. L. R. 271; Markendorf v. Friedman, 280 Ky. 484, 133 S. W. (2d) 516.

Pursuant to this rule it must be deemed, which is in

fact true, that on the former appeal we held that no state of facts could reasonably be conceived that would sustain the classification and, this being a second appeal, we are bound by the law of the case rule.

As a matter of fact all the allegations contained in the second paragraph of the answer, which appellants insist sustain the constitutionality of the classification, were advanced as arguments in the briefs on the former appeal and carefully considered by the court. We considered the case as if all the states of fact used in the briefs as bases for argument had been fully proven.

Willis v. Jonson, 275 Ky. 538, 121 S. W. (2d) 904, on which appellants place great reliance, has little application to the situation here involved. The effect of the opinion in that case is that a petition negativing the existence of a factual situation, the existence of which was necessary to sustain legislative action, states a cause of action.

Since the effect of the opinion on the former appeal was that no state of facts could be reasonably conceived that would sustain the classification made by the act, it necessarily follows that the trial court was correct in sustaining the demurrer to the answer alleging facts attempting to sustain the classification.

Judgment affirmed.

The whole Court sitting.