## George v. Bernheim Distilling Co. et al.

June 5, 1945.

Woodward, Dawson, Hobson & Fulton, Taylor & Milam, and Trimble & Trimble for appellant.

Ben F. Washer, Doolan, Helm, Stites & Wood, James P. Miller, Ogden, Galphin, Tarrant & Street, Carl K. Helman, Bullitt & Middleton, and Henry E. McElwain, Jr., for appellees.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming in part, reversing in part.

Chapter 97 of the 1938 Acts of the General Assembly, now carried in KRS as 132.150, provides that a city of the first class may not levy on distilled spirits a tax rate in excess of $1.25 on each $100 of its assessed value.

Conceiving that the Act and the ordinances of the city of Louisville enacted pursuant thereto are discriminatory and in violation of sections 170 and 171 of the Constitution, as well as that certain of the ordinances which he mentioned in his petition were violative of sections 2891 and 4281u-2 of Carroll's Kentucky Statutes, now KRS 91.280, 68.100, the appellant, on behalf of himself and of all other taxpayers of the city similarly situated, instituted the present action under sections 25 and 639a—1 et seq. of the Civil Code of Practice for a declaration of rights and for all proper relief, naming as defendants the city of Louisville, the members of its Board of Aldermen, the members of its Board of Education, its Mayor, its Assessor, its Tax Receiver, and the Brown-Forman Distillery Company—the latter both individually and as representative of all others similarly situated. The prayer of the petition requested, among other things, that the ordinances concerning the taxes on distilled spirits for the years 1940, 1941 and 1942, respectively, be declared null and void; that it be adjudged

that the lawful rate of taxation upon such distilled spirits was the same as that imposed upon other types of property for the years mentioned, towit: $2.39 on each $100 of assessed value for the year 1940, and $2.40 for each of the years 1941 and 1942; that the proper city officials be required to collect such additional taxes or, if the court should be of the opinion that the ordinances theretofore passed fixing the tax rate on other classes of property (which are fully set out in the petition) were not sufficient to authorize the collection of such additional taxes, then plaintiff prayed alternatively that the Board of Aldermen be required to convene and pass ordinances which would be sufficient for that purpose.

Having discovered in the meantime that those whose situations were similar to that of the Brown-Forman Distillery Company were not so numerous as he had at first thought, and being of the opinion that it was practicable and necessary that he bring them all into the case, the appellee filed an amended petition in which he named as additional defendants the Bernheim Distilling Company, the Frankfort Distilleries, the Louisville Public Warehouse Company, the General Distillers Corporation, the Maloney-Davidson Company, the National Distillers Products Corporation, Park & Tilford Distillers, Kunz, Inc., and the Radford Company, and stated the amount and value of distilled spirits owned by each of them as of the taxing date in each of the years mentioned.

Later the appellant filed a second amendment. By this pleading he brought into the action the successors to those of the defendant city officials whose terms had expired, enlarged his petition so as to make it cover the additional years of 1938 and 1939, and prayed alternatively that he recover for and on behalf of the city.

Among other steps taken by them, the taxpaying defendants each filed a motion to strike, of which that filed by the appellee Bernheim Distilling Company is typical:

"The defendant, Bernheim Distilling Company, comes and moves the Court to strike from the petition and amended petition all allegations made respecting this defendant and all claim and causes of action attempted to be set forth against this defendant.

"For grounds of the foregoing motion, the defend-

ant, Bernheim Distilling Company, shows that the plaintiff in his original petition has sued Brown-Forman Distillery Company and the plaintiff can not now, by amended petition, join the Bernheim Distilling Company, or the cause of action attempted to be alleged against the Bernheim Distilling Company. That there is a misjoinder of parties defendants and causes of action, and plaintiff should be held by the Court to have elected to sue another defendant on a different cause of action than the Bernheim Distilling Company and the cause of action attempted to be alleged against it.''

The steps subsequently taken and the nature of the questions presented by this appeal are indicated by the following order:

''At a Court held on the 26th day of October, 1944.

''This action coming to be heard on motion to submit on all motions, it is ordered that be and is hereby overruled, plaintiff objects and excepts.

''Defendants motions to strike certain defendant sustained.

''Counsel to draw order.

''This day came parties defendant, Bernheim Distilling Company, Frankfort Distilleries, Inc., Louisville Public Warehouse Company, General Distillers Corporation, Maloney-Davidson Company, National Distillers Products Corporation, Park & Tilford Distillers, and Kunz, Inc., and the Radford Company, and came also the plaintiff, Orney George, in his individual capacity and for the use and benefit of all taxpayers of the City of Louisville, and the motions of the defendants above named to strike from the petition and amended petitions all allegations made respecting the defendants aforesaid and each of them and to dismiss all claims and causes of action attempted to be set forth against said defendants and each of them; and said motions being heard and the Court being advised, it is ordered and adjudged that the said motions and each of them be and they are sustained and there is stricken from the petition and amended petitions all allegations made respecting the said defendants and each of them and all claims and causes of action attempted to be set forth against the defendants aforesaid are dismissed and each claim and

cause of action attempted to be set forth against each defendant is dismissed.

"The Court reserves for future consideration the petition and amended petitions insofar as they attempt to set forth and state a cause of action seeking a declaration of rights as to questions in controversy between parties.

"The Court finds as the basis of this order and judgment that there is present in the record a misjoinder of parties and causes of action.

"It is further ordered and adjudged that plaintiff's motion to submit this action in chief be and it is overruled.

"To all portions of this judgment each party adversely affected thereby excepts and objects."

The question presented on this appeal, therefore, is as to the correctness of the order adjudging a misjoinder of parties and of causes of action.

On the authority of Garfein v. Stiglitz et al., 260 Ky. 430, 86 S. W. 2d 155, and cases therein cited, it is clear that if the appellee taxpayers had severally overpaid their city taxes for the years in question under circumstances entitling them to refunds, there would not have been such a community of interests nor identity of subject matter as would have entitled them to maintain a joint action to recover their respective over-payments. This is so because the over-payment by each taxpayer would constitute a separate and distinct claim from those of the others, and neither would have any title to or be entitled to share in proceeds of the recoveries had by the others. The mere fact that the claimants are numerous and that their claims are similar in nature is not enough.

It is equally clear that if the taxpayers may not maintain a joint action to recover their respective over-payments, neither may the city nor the appellant in its behalf maintain a joint action against them to recover the amounts of their respective under-payments. In point of controlling principle there is no distinction that logically or consistently may be made between the two cases; the reason which requires an application of the rule in the one instance likewise requires its application

in the other. The fact that the action was brought under the declaratory judgment act does not alter the situation or entitle the appellant to avoid a well-settled principle. In fine, he may not by the mere expedient of proceeding under the declaratory judgment act obtain relief which would be denied to him in a direct proceeding brought to obtain that particular relief.

Hence, it is our view that the trial court was correct in holding that appellant's effort to obtain personal judgments against the appellees constituted a misjoinder.

With respect to appellant's right (a) to maintain a declaratory judgment proceeding to have the court determine the constitutionality of the acts of the General Assembly and of the city's Board of Aldermen; (b) to amend his petition by joining all of the appellees as defendants; and (c) to require the city's officials to take such steps as may be necessary to levy and enforce collection of the additional taxes mentioned, an entirely different question is presented.

(a & c) That a declaratory judgment proceeding is available to determine the validity of taxing statutes and ordinances is recognized and approved in Maloney Davidson Co. v. Martin et al., 274 Ky. 449, 118 S. W. 2d 708; Board of Common Council of the City of Frankfort v. Morris et al., 209 Ky. 634, 273 S. W. 443; City of Jackson v. Riffle et al., 219 Ky. 689, 294 S. W. 142; Kentucky Tax Commission et al. v. Great Atlantic & Pacific Tea Co., 280 Ky. 606, 133 S. W. 2d 947; Louisville H. & St. L. Railroad v. Powell, 213 Ky. 563, 281 S. W. 532; Hughes & Co. v. City of Lexington, 211 Ky. 596, 277 S. W. 981. And that injunctive relief may be had in such proceedings is recognized or implied in the Maloney Davidson Company, and the Kentucky Tax Commission cases, supra.

It being, therefore, the previously expressed view of this court that a declaratory judgment procedure is a proper method for settling a controversy over the constitutionality of a statute or the validity of an ordinance, and for the obtention of proper injunctive relief in connection therewith, and the appellees having neither cited authority nor offered plausible argument to the contrary,

we are constrained to hold that the lower court was in error in his ruling on these points.

(b) If the Board of Aldermen of the city of Louisville had disregarded the provisions of KRS 132.150 and had imposed upon appellees' distilled spirits a tax rate in excess of $1.25 on each $100 of assessed value, it cannot be doubted that the appellees could have maintained a declaratory judgment proceeding against the city to test the validity of the statute; and in that proceeding it would have been permissible and proper for them to ask the court for injunctive relief, conditioned upon the statute's validity. They are the only ones who could have maintained such an action, because they are the only ones who would have been affected. On the other hand, it certainly would be the privilege of the city to have the court pass upon the constitutionality of the statute before proceeding to disregard it. And in such an action, who would be proper and necessary parties defendant? The answer is, of course, those who would be adversely affected—the appellees.

This being so, and the appellees not being so numerous as to make it impracticable to bring them all before the court within a reasonable time, and there being among all of them and the Brown-Forman Company a mutuality and an identity of interests in a subject matter common to them all, viz., the validity of the statute and ordinances above mentioned, could it be said that ten separate and distinct actions would be required?

The answer is obvious.

The appellees' argument that there is a misjoinder because they were not named in the original petition is not supported by any cited authority, or by any authority that we are aware of, and must be rejected.

To the extent that the petitions sought a money judgment against the Brown-Forman Company and the appellees there was a misjoinder, and to that extent the judgment is affirmed; otherwise the judgment is reversed and the case remanded for further proceedings consistent herewith.