### Edwin FREEMAN, Appellant,

### v.

### DANVILLE TOBACCO BOARD OF TRADE, INC., Appellee.

Court of Appeals of Kentucky.

June 12, 1964.

Donald D. Harkins, Begley & Harkins, Danville, for appellant.

E. Gaines Davis, Jr., Smith, Reed, Yessin & Davis, Frankfort, for appellee.

DAVIS, Commissioner.

The appellant sought declaration of rights in this action brought in the Boyle Circuit Court. KRS 418.040 et seq. The trial court dismissed the action pursuant to its holding that no fact was pleaded reflecting the existence of an actual controversy. The question presented is whether the complaint states facts sufficient to entitle appellant to a declaration of rights.

The allegations of the complaint, as amended, may be summarized thus:

Appellant owns and operates a tobacco warehouse in Mercer County; he has

"made arrangements" to build a similar warehouse in Danville, and has obtained an option to purchase real estate near Danville upon which to locate the warehouse.

There are three warehouses existing in Danville. All of these warehouses hold membership in the Danville Tobacco Board of Trade, Inc., the appellee. (We shall refer to appellee as the Board.)

The Board was organized under KRS 273.010 through 273.050, and its affairs are managed by a board of six to seven directors. Each of the existing warehouses may name two of the directors; any new warehouse coming to the Danville market may name only one director, until it has been in business ten years.

KRS 248.015, 248.025 and 248.035 require a Tobacco Board of Trade for every tobacco auction market in the Commonwealth. The allocation of selling time and selling space are specific powers granted to the Board by the cited statutes.

The Board has prescribed regulations fixing selling space and time on the basis used in the 1959–60 sale season. The same regulations provide that any new warehouse which may be built to serve the Danville market must become a member of the Board. It is further provided that any new warehouse shall be entitled to sell that percentage of baskets as its floor space bears to the total floor space on the market. However, the regulation declares that a new warehouse may utilize only 12½% of its ultimate allotment of floor space the first year, and may then add an additional 12½% annually until it attains its full allotment.

The appellant challenges the legislation as violative of Kentucky Constitution, §§ 3, 27, 59 and 206. It is asserted that the legislation unconstitutionally delegates legislative power to a nongovernmental agency, owned by competitors of appellant; that no adequate standards for regulations are fixed; that exclusive privileges are granted; and that such special act relating to trade is illegal.

Finally, it is alleged that the legislation as implemented by the Board's regulations deprives appellant of property without due process, contrary to Kentucky's Constitution and in violation of United States Constitution, Amendment 14. Appellant alleged that the Board had informed him that the regulations would be applicable to him if he should build a warehouse at Danville.

Appellant urges that he presents a justiciable controversy and demonstrates standing to maintain the action. Appellant relies on these decisions: Dravo v. Liberty National Bank & Trust Co., Ky., 267 S.W. 2d 95; Maas v. Maas, 305 Ky. 490, 204 S. W.2d 798; Combs v. Matthews, Ky., 364 S.W.2d 647; George v. Bernheim Distilling Co., 300 Ky. 179, 188 S.W.2d 321; Maloney Davidson Co. v. Martin, 274 Ky. 449, 118 S.W.2d 708; Dowdy v. City of Covington, 237 Ky. 274, 35 S.W.2d 304; Rodgers v. Webster, 266 Ky. 679, 99 S.W.2d 781.

■ Consistently our decisions recognize that the existence of an actual controversy concerning a justiciable question is a condition precedent to an action under our Declaratory Judgment Act. e. g. Black v. Elkhorn Coal Corp., 233 Ky. 588, 26 S.W. 2d 481; Com. v. Crow, 263 Ky. 322, 92 S. W.2d 330; Com. ex rel. Watkins v. Winchester Water Works, 303 Ky. 420, 197 S.W. 2d 771; Veith v. City of Louisville, Ky., 355 S.W.2d 295. The parties before us agree that the rule is as stated—the question is its applicability to the case at bar.

In Borchard, Declaratory Judgments, 2d Ed., pp. 48–56, it is observed that the test of a litigant's "legal interest" in the sought judgment should be a criterion of the judicial prerogative in declaratory judgment cases.

■ It will be recalled that appellant has "made arrangements" to build a tobacco warehouse. He states that he has an option to buy land for that purpose. However, the terms of the option are not shown, nor is it revealed whether the option continues or has expired. Clearly there is no require-

ment for appellant to buy the land—neither is it assured that he will build a warehouse. The simple fact is that *presently* (and at the time of the trial court's order of dismissal) appellant demonstrates no legal interest in the matters he would have adjudicated. Under the existing state of things appellant is not affected whatever by the regulations of which he complains. He may never be. Although we are mindful of and in accord with the salutary purposes of declaratory judgment procedure, it is our view that appellant does not bring himself within the scope of it in this case.

The judgment is affirmed.