**ST. MATTHEWS FIRE PROTECTION DISTRICT, Appellant,**

v.

John E. AUBREY, Jefferson County Sheriff; James M. Vaughn, Jefferson County Sheriff; Bremer A. Ehrler, Jefferson County Sheriff; James D. Green, Jefferson County Sheriff; Barbara A. Holsclaw, Jefferson County Clerk; Rebecca D. Jackson, Jefferson County Clerk; James F. Malone, Jefferson County Clerk; Denise Harper–Angel, as Jefferson County Property Valuation Administrator; Fidelity and Deposit Company of Maryland; Ohio Casualty Insurance Company; Old Republic Insurance Company; Peerless Insurance Company; and Western Surety Company, Appellees.

No. 2006–CA–000518–MR.

Court of Appeals of Kentucky.

March 27, 2009.

Discretionary Review Denied by Supreme Court March 10, 2010.

Walter L. Sales (argued), Timothy J. Eifler, Louisville, KY, for appellant.

N. Scott Lilly, John M. Schardein, Laurence Zielke (argued), Janice Theriot, O. Grant Bruton, Louisville, KY, for appellees.

Before COMBS, Chief Judge; MOORE, Judge; HENRY,[1] Senior Judge.

## OPINION

HENRY, Senior Judge.

The St. Matthews Fire Protection District appeals from an adverse summary judgment in the Jefferson Circuit Court, dismissing its claims against various Jefferson County tax collection officials arising from their failure to assess and collect a portion of the tax revenue due the District. Upon review, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

St. Matthews is one of a number of small cities in Jefferson County bordering Louisville. The St. Matthews Fire Protection District (District) was created in 1983 pursuant to Kentucky Revised Statutes (KRS) Chapter 75, which authorizes the creation of taxing districts for special purposes. The statute permits the District to levy taxes on real property and tangible personal property in order to obtain funds to provide fire protection within its boundaries. Beginning in 1985, the District began to levy taxes on real property. However, for reasons that are unclear, taxes were not assessed or collected on the tangible personal property within the Dis-

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

trict. Each year from 1985 through 2003, the Jefferson County Sheriff collected taxes, remitted them to the District, filed a settlement, and received a document from the District titled "release," which was signed by the Treasurer or a representative of the District.

Sometime in 2004, the District discovered the omission of tangible personal property from the District's taxable property base and notified the Jefferson County Clerk, the Sheriff, the Property Valuation Administrator (PVA), and the sureties on their respective performance bonds. The Clerk then prepared tangible property tax bills for the District for the years 1999 through 2003 and delivered them to the Sheriff. The Sheriff mailed the bills and collected $682,017, which was remitted to the District.

In December 2004, the District filed suit against each Sheriff, County Clerk, and PVA of Jefferson County who had held office from 1983 until 2003, and also against their sureties. All of the county officials were sued in their official capacities only. The suit requested a declaration of rights, damages for negligence, and breach of contract against the Sheriffs, the Clerks and their sureties, recovery from each of the officials and their sureties on the bonds, surcharge of the Sheriffs' settlements, and an accounting from each of the defendants. In their defenses, the officials asserted that they are protected by sovereign immunity, that the action is barred by the applicable statute of limitations, that no contract exists between the officials and the District, that the action is barred by the doctrines of estoppel and laches, and that any action on the officials' performance bonds must be brought in the name of the Commonwealth, which was not done here.

The officials moved for summary judgment in the circuit court on a number of different grounds. The circuit court granted the motion, holding that the defendant officials, while acting in their official capacities, are protected by the doctrine of sovereign immunity. On appeal, although all of the claims and defenses litigated below are addressed in the briefs, the District advances two primary issues: first, whether the officials are protected by sovereign immunity, and second, whether any immunity which would otherwise apply has been waived.

## OVERVIEW OF FIRE DISTRICT PROPERTY TAX COLLECTION PROCESS [2]

The statutory authority for a levy of property taxes to fund the operation of a fire protection district is found at KRS 75.015. The section provides that the trustees of the District may levy a property tax, for which the District's taxable property will be valued "as assessed for county taxes." The county tax levy, as well as the levy for school districts and special taxing districts, is to be based on the state assessment. KRS 132.280.

It is the duty of PVAs to "make the assessment of all property in their counties and to prepare property assessment records." *Allphin v. Butler*, 619 S.W.2d 483, 484 (Ky.1981); KRS 132.420. This includes, of course, assessment of property within the District. KRS 75.040(3). The PVA prepares upon the county tax roll a recapitulation of all property assessed in the county, by type of property and by

---

**2.** The reader is advised that this section is intended only to give a broad summary of the features of the property tax levy, assessment, and collection process which are most germane to the issues discussed in this opinion. The detailed statutory framework for the process is derived primarily from KRS Chapters 132, 133 and 134.

taxing district, and certifies it to the Department of Revenue. KRS 133.040(1). The Department conducts an "equalization" to assure that the property in each county and district is assessed at its fair cash value, (see KRS 133.150), and certifies the results to each county clerk. This certified result is the sheriff's warrant for collection of county taxes. KRS 133.180. The Department provides forms to the clerk for preparation of the tax bills. The clerk then prepares bills for each taxpayer in the county and delivers the bills to the sheriff or collector, who mails them to each taxpayer. KRS 133.220. The combined bills must show the amount due the state, county, school funds, and other levies. *Id.* The sheriff, who, "by virtue of his office, shall be collector of all state, county, consolidated local government, and district taxes," must collect and distribute the taxes and account for taxes collected. KRS 134.140; *see also generally* KRS 134.240–360.

### STANDARD OF REVIEW

The trial court held that sovereign immunity applied so as to insulate each of the defendants herein from suit and that summary judgment in their favor was, therefore, proper. "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996); Kentucky Rules of Civil Procedure (CR) 56.03. There is no dispute as to the facts. Our review of the judgment is *de novo,* and "we owe no deference to the conclusions of the trial court." *Blevins v. Moran,* 12 S.W.3d 698, 700 (Ky.App.2000).

### SOVEREIGN IMMUNITY

The trial court granted summary judgment in favor of all of the defendants,

holding that, because the county officials were all sued only in their representative capacities, they are absolutely immune from suit. On appeal, the District argues that neither the County Clerks nor the Sheriffs are protected by immunity because: (a) immunity does not bar declaratory relief, (b) local governments are not immune from claims based on contract and (c) neither the Sheriffs nor the County Clerks have any immunity. The District also contends that even if immunity might otherwise be asserted, it has been waived by the General Assembly as to County Clerks, PVAs and Sheriffs by enacting statutes requiring them to post performance bonds. We will consider each of these arguments.

█ We first consider the District's claim that the doctrine of sovereign immunity does not protect the Sheriffs and County Clerks from suit. The District advances a well-researched and interesting argument in support of this contention. Citing cases beginning with *Laicock's Case,* 1 Latch 127 (1627), an English case, and continuing through *Yanero v. Davis,* 65 S.W.3d 510 (Ky. 2001), and other modern-day Kentucky sovereign immunity cases, the District argues that the common law of England provided no sovereign immunity protection to sheriffs and clerks. Therefore, the argument goes, since Kentucky's common law is derived from English common law, having been incorporated into our law through the law of Virginia, no immunity is available to those officials in Kentucky. While the argument is well-constructed, and the ancient cases cited in support of it made interesting reading, we must disagree.

█ Counties are basic subdivisions of the Commonwealth of Kentucky, nine of which existed before Kentucky attained

statehood. *Lexington–Fayette Urban County Government v. Smolcic,* 142 S.W.3d 128, 131, n. 1 (Ky.2004). "A county government is cloaked with sovereign immunity." *Schwindel v. Meade County,* 113 S.W.3d 159, 163 (Ky.2003). Although Jefferson County and the City of Louisville have merged to form the Louisville Metro Government, Jefferson County has not been abolished, nor has sovereign immunity been affected as to the county or county officials. *See Smolcic,* 142 S.W.3d at 132–133; *see also* KRS 67C.101(2)(e): "A consolidated local government shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees."

All of the officials who are defendants in this action were sued only in their official or representative capacities. Kentucky Constitution Section 99 provides for the election of a County Court Clerk, a County Sheriff and a County Assessor (or PVA)[3] among other offices. In *Yanero,* the most comprehensive and often-cited of our modern sovereign immunity cases, the Kentucky Supreme Court held that "when an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled[.]" *Yanero,* 65 S.W.3d at 522. This issue was recently revisited in *Jones v. Cross,* 260 S.W.3d 343 (Ky.2008), where our Supreme Court concluded that "absent a waiver thereof, a sheriff, as a county official, has absolute official immunity at common law for torts ... when sued in his official capacity." *Id.* at 345. Thus, the defendant officers, having been sued only in their official capacities, are afforded the same immunity as that to which Jefferson County is itself entitled. The circuit court correctly found that each of the officers is protected from suit by the doctrine of sovereign immunity.

## DECLARATORY RELIEF

The District posits that, even if the defendants are protected by the doctrine of sovereign immunity, the doctrine does not bar a suit "seeking a declaration that a particular practice or policy is contrary to law." Even so, it appears that the District's declaratory judgment claim is, for all practical purposes, a claim for damages for past negligent conduct by the defendants rather than a request for a declaration of rights to aid the parties in conforming their future conduct to the law's requirements. As we have discussed above, sovereign immunity bars the District's negligence action. A litigant "may not by the mere expedient of proceeding under the declaratory judgment act obtain relief which would be denied to him in a direct proceeding brought to obtain that particular relief." *George v. Bernheim Distilling Co.,* 300 Ky. 179, 188 S.W.2d 321, 324 (1945).

## CONTRACT

The District argues that, even if the defendant officers are cloaked with sovereign immunity, such immunity shields them only from liability in tort and not in contract. The District's contract claims are based upon a letter from the Jefferson County Clerk to the Jefferson County Sheriff in 2000 regarding preparation of Jefferson County tax bills, and upon the District's claims against the officers on their performance bonds, which the District characterizes as contract claims.

---

**3.** KRS 132.370(1) requires that a PVA shall be elected in each county "in lieu of" an Assessor. Therefore, each of the offices—PVA as well as Sheriff and County Clerk—is a constitutional county office.

The letter in question in substance memorializes an agreement, apparently reached at a prior meeting between the Jefferson County Clerk and the Jefferson County Sheriff, regarding payment to the Sheriff for preparation of tax bills. The letter does not appear to contain all the elements of a contract. Even if it was a contract, the District is neither a party nor a third-party beneficiary. Thus, while the District is correct that as a general rule sovereign immunity does not defeat a valid contract claim, this particular claim must fail.

The District's performance bond claims are discussed separately below.

## WAIVER

■ The District's final argument is that, even if the officials can claim the protection of sovereign immunity, their immunity has been waived by the General Assembly by requiring that the officials post performance bonds and by authorizing recovery on the bonds.

Certain government officials are required by Section 103 of the Kentucky Constitution to post performance bonds before entering upon the duties of their offices. KRS 62.070 is the general statute providing for an action on the bond of public officials. KRS 70.020, 134.230, 134.250, and 134.260 set out specific provisions relating to Sheriff's bonds and permit counties to require posting of an additional bond. KRS 62.055 requires the posting of a bond by the County Clerk, and KRS 132.400 requires the posting of a bond by the PVA.

In the District's view, it would be "nonsensical" for this Court to affirm the circuit court's holding that county officials are immune from suit in light of the fact that our state Constitution requires such officials to post performance bonds. We appreciate that the state of our law in this area can appear paradoxical. On the other hand, we find no exception in *Yanero, Jones,* or any of the many recent sovereign immunity cases which would lead us to conclude that the doctrine is waived in this case, nor does the District cite us to any such authority. Indeed, the tenor of modern Kentucky jurisprudence is that where sovereign immunity exists, waiver will be found only where it is established "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Withers v. University of Kentucky,* 939 S.W.2d 340, 346 (Ky. 1997) (internal citation omitted). We see no logical distinction between the argument advanced by the District in this case and that rejected by our Supreme Court a dozen years ago in *Withers.*

Other defenses raised by the officials, including the application of the five-year statute of limitations to bar this litigation and the question of the ability of the District to sue on the officials' performance bonds in its own name rather than that of the Commonwealth, were discussed in the briefs. Because we affirm the circuit court's summary judgment ruling, we do not reach those issues.

## CONCLUSION

The Opinion and Order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.