RENDERED: JUNE 28, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1152-MR

US FRAMING INTERNATIONAL,
LLC                                                           APPELLANT


                APPEAL FROM FRANKLIN CIRCUIT COURT
v.               HONORABLE THOMAS D. WINGATE, JUDGE
                  ACTION NO. 23-CI-00661


KENTUCKY DEPARTMENT OF
INSURANCE AND KENTUCKY
PUBLIC PROTECTION CABINET                                   APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND LAMBERT, JUDGES.

COMBS, JUDGE: US Framing International LLC (US Framing), appeals an order

of the Franklin Circuit Court entered on September 13, 2023, denying its motion

for a restraining order and temporary injunction and granting the motion of the

Kentucky Department of Insurance (DOI) and Kentucky Public Protection Cabinet

to dismiss its action for replevin and declaratory relief. According to US Framing,

the single issue on appeal is whether the circuit court had jurisdiction to address the dispute. After our review, we conclude that the court did have jurisdiction, and we affirm the order dismissing.

In April 2023, California officials requested the assistance of DOI officials in obtaining and executing a warrant to seize materials from US Framing's executive offices in Louisville. A DOI investigator prepared an affidavit in support of the warrant and submitted it to Judge Sara M. Nicholson, Jefferson District Court. The warrant issued on June 5, 2023.

The Kentucky State Police and DOI officials executed the warrant on June 7, 2023. Among the materials seized were laptop computers used by US Framing's general counsel and another attorney. These items were set apart from other seized material and were marked as potentially privileged. The attorneys' computers were imaged by Kentucky State Police. Due to the potentially privileged status of the electronic data, these copies were stored separately and were sealed to denote the potentially privileged material. On June 15, 2023, one week after the warrant was executed, DOI returned the original seized documents, digital information, and computers.

Two weeks later, on June 30, 2023, US Framing's outside counsel asked DOI officials whether potentially privileged material would be transferred to California. DOI's counsel responded the following business day, explaining that

DOI "kept separate anything that might be legally privileged." DOI counsel advised that the seized material would be provided to California's Department of Justice in the same manner. On July 10, 2023, DOI forwarded to California the copies of all the material seized pursuant to the warrant. DOI retained nothing that had been seized during execution of the warrant.

On July 14, 2023, US Framing filed a civil action against DOI and the Kentucky Public Protection Cabinet in Franklin Circuit Court. It alleged that the search warrant executed on June 5, 2023, lacked probable cause and that the search violated Section 10 of the Kentucky Constitution. In the alternative, US Framing argued that the warrant was unconstitutionally broad. It sought injunctive relief and a declaration that its rights had been violated. It also sought an order of replevin, or should that remedy be denied, the appointment of a special master to protect the allegedly privileged material.

On July 17, 2023, US Framing filed a motion for a restraining order seeking to prohibit DOI from transferring any of the seized materials to California. The following day, DOI's counsel advised US Framing that the copied materials had been transmitted to California authorities on July 10, 2023.

On July 27, 2023, US Framing filed a motion for a temporary injunction. It asked the court to order DOI to seek the return of the electronic data immediately. On August 7, 2023, DOI filed a motion to dismiss the action.

By its order entered on September 12, 2023, the circuit court granted the motion to dismiss. The circuit court concluded that an actual controversy between the parties did not exist because there was no evidence to suggest that any agency in Kentucky is investigating US Framing and that California, the jurisdiction that might use the seized materials in court, is not bound by an order of the Franklin Circuit Court. The circuit court denied the motion for a temporary injunction as moot. This timely appeal followed.

On January 2, 2024, US Framing filed a motion for intermediate relief. It asked this Court for an order requiring DOI "to take all necessary steps to recover the seized information unlawfully sent to California and to maintain custody of all seized information during the pendency of this appeal." We concluded that US Framing failed to show that it would suffer immediate and irreparable injury before final disposition of its appeal as a result of California's mere possession of the information. Therefore, we denied the motion by order entered on January 16, 2024. We noted that we could not provide meaningful relief because California "is not before this Court, and the evidence is no longer located in Kentucky." Without commenting on the merits of the underlying appeal, we explained that the "matter is beyond the Court's jurisdiction and control."

Before this merits panel, US Framing argues that the Franklin Circuit Court erred by concluding that it lacked jurisdiction to adjudicate its claims concerning the seizure and disposition of its electronic information.  With respect to its action for declaratory relief, it argues that it simply wanted "a Kentucky court to decide whether a search warrant issued in Kentucky by a Kentucky judge violated [its] rights under the Kentucky Constitution."

The Franklin Circuit Court based its decision to dismiss the action upon its conclusion that US Framing failed to present a controversy sufficient to invoke its judicial power pursuant to the Declaratory Judgment Act.  KRS[1] 418.040.  The court did not specifically address the action based in replevin, but it was dismissed as well.

When we review a motion to dismiss, the complaint must be construed in a light most favorable to the plaintiff, and all the allegations included in the complaint must be taken as true.  *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833 (Ky. App. 2007).  A motion to dismiss should not be granted "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]"  *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).  The parties agree that resolution of the appeal turns on application of the law and, consequently, that our review is *de novo*.

---

[1] Kentucky Revised Statutes.

Our Declaratory Judgment Act allows a plaintiff to seek -- and Kentucky courts to issue -- a declaration of rights when an "actual controversy" exists. *Cameron v. Beshear*, 628 S.W.3d 61, 68 (Ky. 2021). The Act provides as follows:

> In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that **an actual controversy exists**, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked.

*Id.* (Emphasis added.) An actual, justiciable controversy is "a condition precedent to an action under our Declaratory Judgment Act." *Freeman v. Danville Tobacco Bd. of Trade, Inc.*, 380 S.W.2d 215, 216 (Ky. 1964). *See also* KY. CONST. § 112(5) (limiting circuit court jurisdiction to "justiciable causes"). The court is empowered to decide rights and duties about which there is an existing controversy, presented by adversarial parties, and about which a binding judgment concluding the controversy could be entered. *Veith v. City of Louisville*, 355 S.W.2d 295 (Ky. 1962); *Nordike v. Nordike*, 231 S.W.3d 733 (Ky. 2007).

Through its declaratory judgment action, US Framing sought the court's order declaring the affidavit of the DOI investigator insufficient to establish probable cause and the search of its premises unconstitutional. DOI represented to the trial court that it did not retain any part of the material seized and that it was

unaware of any pending investigations or criminal proceedings against US Framing in Kentucky. Nevertheless, US Framing argued that it was entitled to a declaration that its rights have been violated.

In *St. Luke Hospital, Inc. v. Straub*, 354 S.W.3d 529 (Ky. 2011), the Kentucky Supreme Court held that Kentucky law does not recognize a private cause of action for alleged violations of Kentucky constitutional rights. Specifically, the Kentucky Supreme Court ruled that Kentucky's General Assembly has not authorized a statutory private right of action for state constitutional violations. Under these circumstances, the Franklin Circuit Court could not render a binding judgment concluding any controversy concerning the alleged constitutional violations. It did not err by dismissing the declaratory judgment action.

US Framing also sought the immediate return of the copies of its electronic data through an order of replevin or, in the alternative, appointment of a special master to protect information that it contended was privileged. Replevin is an ancient common law action seeking a court order for the repossession or the return of property. *See Halcomb v. Phipps*, 240 S.W. 363 (Ky. 1922). The plaintiff must show a rightful claim to the immediate possession of property detained (at the time the action was filed) by another. *Id.*

However, US Framing could not establish that DOI was in possession of the disputed electronic information when it filed its action more than five weeks after the warrant was executed. US Framing was aware that DOI intended to forward the electronic data to California in due course, and it did just that without timely intervention by US Framing. DOI retained **nothing** that had been seized.

Furthermore, search warrants and supporting affidavits enjoy a presumption of validity that is ordinarily tested in our criminal courts. *See Rawls v. Commonwealth*, 434 S.W.3d 48 (Ky. 2014). A replevin action is not a proper vehicle or remedy by which to challenge the legality of a search warrant.

Finally, while we agree with the assertion of US Framing that property seized pursuant to a warrant technically remains within the control of the issuing judge, we note that Judge Sara M. Nicholson is not a party to these proceedings. Additionally, we are unaware of any proceedings filed before Judge Nicholson to challenge the disposition of the seized property.

We affirm the order of dismissal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

R. Kenyon Meyer
Sarah D. Sullivan
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jennifer Wolsing
Lexington, Kentucky

T. Chad Thompson
Frankfort, Kentucky