## Perry McGlone Const. Co. v. Shaw.

May 14, 1940.

Franklin P. Stivers, Judge.

Murray L. Brown for appellant.

W. O. B. Lipps for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

The Perry McGlone Construction Company, a corporation, is appealing from a judgment of the Clay circuit court confirming an order of the Workmen's Compensation Board awarding A. R. Shaw compensation in the sum of $2.40 per week as a partial dependent of his deceased son, Samuel Shaw, who died as a result of injuries sustained while in the employment of appellant. Appellee A. R. Shaw has been granted a cross-appeal.

It was stipulated by the parties that Samuel Shaw sustained accidental injuries on November 30, 1937, from which he died February 14, 1938; that appellant had knowledge of the accident and that the weekly wage of deceased at the time of the accident was $45; that both parties were operating under the provisions of the Workmen's Compensation Act. Kentucky Statutes, Section 4880 et seq. The evidence shows that the injuries to deceased were sustained by accident arising out of and in the course of his employment. The Compensation Board fixed appellee's dependency upon his deceased son at 20 per cent.

It is argued in substance by counsel for appellant that there is no competent evidence to show or to give rise to an inference that appellee was in any degree dependent upon deceased and that appellee in a sworn statement made before he filed application for compensation admitted that he was not dependent upon his son and that his evidence so indicates.

The evidence of appellee was to the effect that he had lost a farm upon which he lived and only owned $500 or $600 worth of personal property and had no employment or income; that deceased made his home with him and within the 12 months preceding his death furnished appellee money at various times aggregating a considerable sum. On full board review exceptions to this evidence were sustained on the ground that it was incompetent under Section 606 of the Civil Code of Practice. Appellee also testified that a few years ago he gave his son a note for sums the latter had furnished him and that he intended to repay him for sums thereafter furnished. There is evidence of other witnesses that they saw deceased give appellee a number of checks and also give him money a few times; that he furnished money to buy roofing and paid hands to put roofing on buildings of appellee in order to render them habitable.

While as pointed out in the opinion of the board the case was poorly developed and presented by appellee, there is some competent evidence to support the conclusion and finding of the board.

Appellant introduced in evidence a statement signed by deceased while at the hospital that he had no dependents and also a statement signed and sworn to by appellee that deceased had no dependents. The evidence shows that deceased sustained a broken back in the accident from which he suffered intense pain and that opiates or narcotics were administered to relieve his suffering. The two physicians at the hospital testified concerning his condition and gave as their opinion that deceased's condition at all times while he was in the hospital was such as to render him unable to transact business or to know or appreciate the consequences of his acts. A brother of appellee stated that he was present when the statement of deceased was taken at the hospital and that the latter was not asked whether he had dependents but only whether he had a wife or children; and appellee testified that when his statement which was introduced in evidence was taken he was not asked whether he was a dependent of deceased. Appellant also objected to some of the evidence upon which the award of the full board was made because it was introduced in rebuttal when it was in fact evidence in chief. While some of the evidence objected to might properly have been introduced in rebuttal, in the main it should have been introduced in chief, but under Section 4930 of the statutes the board is not required to follow strict technical rules of common law procedure and we are not therefore inclined to disturb the judgment confirming the award because of irregularity in introducing evidence in the particular indicated. However, we do adhere to former holdings of this court, and as held by the board, that the board must be guided by prevailing rules concerning the competency of evidence.

On cross-appeal appellee is insisting that deceased's weekly wage was $45, 65 per cent of which amounted to $29.25 and that for 20 per cent dependency he would be entitled to 20 per cent of $29.25 or $5.85 per week for a period of 335 weeks. In a supplemental brief he is urging that he made claim for 50 per cent dependency which was sustained by the evidence and that his compensation should be based on that degree of dependency.

Section 4893 of the Statutes provides in effect that if an employee dies as a result of his injuries within 2 years and there be one or more wholly dependent persons the compensation should be 65 per cent of the average weekly earnings of the deceased employee, not to exceed $12 per week nor less than $5 per week, such payments to be made for the period between the date of death and 335 weeks after the date of the accident to the employee; that if there be partly dependent persons the payments shall be such part of what would be payable for total dependency as the partial dependency existing at the time of the accident may be proportionate to the total dependency, all payments to be made for the same period as in cases of persons wholly dependent.

While as pointed out the evidence is somewhat scant and not of the clear nature that it might be, there is some competent evidence to sustain the award of the board in every particular and in such circumstances and in the absence of claim of fraud or mistake the finding of the board is conclusive. Coleman Mining Company v. Wicks, 213 Ky. 134, 280 S. W. 936.

Wherefore the judgment is affirmed on both the original and cross-appeals.