## Reeves v. Fidelity & Columbia Trust Co.
## (Barrett's Administrator)

June 19, 1942.

As Modified March 9, 1943.

Hubert Meredith, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellant.

Edward P. Humphrey for appellee.

Opinion of the Court by Morris, Commissioner—Affirming.

A. Hite Barrett, father of Thomas Barrett, died in August 1929. In his will of August 1920 he vested in his son Thomas one-half his estate absolutely. The other one-half was controlled by paragraph 5, Clause C of the will, which provided how the remainder should be distributed in case the son died leaving a widow and lawful issue, or either, giving him power of appointment in the following language:

"In the event my son shall die leaving no widow or lawful issue * * * then I direct that the one-half of my estate shall go as he may direct by last will, and * * * I give my son full power to devise and bequeath the one-half; but if my son leave no widow or lawful issue * * *, and dies intestate, said one-half shall go to those who would be his heirs under the law of descent in force at the time of his death."

The son (unmarried) died in June 1939, without having exercised the power. Following a report respecting his estate, the tax division tentatively assessed the trust and absolute estate as a unit, applying rates fixed by the 1936 Act, saying: "We have taxed this trust fund against the heirs of Thomas Barrett, donee of the power," under and as it construed the Act of 1936. Following protest the Commission granted review. The chief ground was that there should have been taxation of the trust under the proviso in Section 4281a-14 Ky. Stats. 1936, which did not appear in the Act of 1924, Section 4281a-1, subsec. 3, Ky. Stats. 1930, and application of the rates in effect at the time of the death of the father. The Commission approved the tentative assessment; on appeal the Franklin circuit court, having jurisdiction under Ky. Stats., 4114h-5, 4114h-6, KRS 131.120, directed retaxation, holding that under the proviso the trust estate should be taxed at the rates fixed by the 1924 Act.

As quoted below, the statute with the exception of immaterial transposition of words in parenthesis and the proviso, is identical with Section 4281a-14:

"Section 4281a-14. Whenever any person shall exercise a power of appointment derived from any disposition of property made, whether before or after

the passage of this Act, such appointment when made shall be deemed a transfer taxable under the provisions of this Act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and has been bequeathed or devised by such donee by will; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same in whole or in part, * * * a transfer taxable under the provisions of this Act shall be deemed to take place to the person or persons receiving such property as a result of such omission or failure to the same extent that such property would have been subject to taxation if it had passed under the will of the donee of such power. Provided that in the case of such power of appointment [created after the effective date of this act], the transfer shall be deemed to take place, for the purpose of taxation, at the time of the death of the donor and the assessment be made at that time against the life interest of the donee and the remainder against the corpus * * *.''

Appellant contends that the words in parenthesis should be interpolated on information that they were in the original manuscript, but omitted from the engrossed bill. We have before us the original draft; it does not contain the words. Authority for such interpolation is claimed under Grieb &c. v. National Bank & Investment Co., 264 Ky. 289, 94 S. W. (2d) 612, which we conclude does not authorize their insertion. A resort to legislative history (Wheeler v. City of Hopkinsville, 269 Ky. 289, 106 S. W. (2d) 1016; City of Covington v. State Tax Comm., 257 Ky. 84, 77 S. W. (2d) 386) and search of the journals of both branches of the legislature tracing this act, give us no clarifying aid; we find that while the act was subjected to numerous amendments, many adopted, some rejected, finally passing to conference, the proviso section was only amended by adding the words following ''corpus.''

Appellee in brief asserts that the primary purpose of the proviso was to enable the Commission to assess promptly and collect taxes on deferred interests, relieving it of much bookkeeping, necessity of incessantly keeping track of interests of remaindermen, and to collect taxes which might be lost by removals from the jur-

isdiction, failures to report, etc. The plan, which allows less chance of escape from taxation, seems to be patterned after the New York plan (In re Vanderbilt's Estate, 281 N. Y. 297, 22 N. E. 397) as being (and it is) a convenient rule from the standpoint of the taxing body, and under saving clauses in the law, and as far as we can observe, unobjectionable.

Much argument is indulged in briefs on the question as to whether or not the trust property passed under the will of A. Hite Barrett, hence taxable at the rates in existence at the time of his death, and further that the judgment of the Jefferson circuit court, construing the will of A. Hite Barrett, which held it to be a defeasible fee vesting at his death, should control. On the other hand it was argued that the trust estate was not a vested defeasible fee, but a remainder that was to be taxed as the property of the son. None of these arguments are to be considered here, because as we read the section of the statute in question and Section 4281a-14, Ky. Stats. 1936, and Section 4281a-1, subsec. 3, Ky. Stats. 1930, the appointment when made is deemed to be a transfer taxable, and on failure of exercise within the time provided, is deemed to take place to the person receiving the property as a result, to the same extent that such property would have been subject had it passed under the will of the donee. (Act without proviso).

The proviso did not change the character of the estate to be taxed, but provided that in case of such power of appointment, "the transfer shall be deemed to take place, for the purpose of taxation, at the time of the death of the donor and the assessment be made at that time against the life interest of the donee and the remainder against the corpus * * *." So, the character of the estate which is by the appointment "deemed a transfer taxable" under the Act, is of no consequence when applying the statute. Neither the 1936 statute before amendment, nor the Act of 1924, had provisions for the taxing of the life interest, and balance against the corpus.

It should be understood in approaching the question to be determined, appellee is not contending that the estate covered by the power, is not to be taxed, or that its taxation, as here, where not exercised would be contrary to any provision of the federal or State Constitutions. That the interest is taxable, regardless of exercise or

nonexercise of power, and that the taxing thereof is not violative of either state or federal constitutions, is made clear by a reading of a limited number of cases so holding, for example: Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565; Chanler v. Kelsey, 205 U. S. 446, 27 S. Ct. 550, 51 L. Ed. 882; Manning v. Board of Tax Com'rs, 46 R. I. 400, 127 A. 865, and our own case, Commonwealth v. Fidelity & C. Trust Co., 285 Ky. 1, 146 S. W. (2d) 3, 6.

In the latter case, leading up to a citation of cases so holding, we said:

> "It will be noted that Section 4281a-1, Ky. Stats. [1930], provides that even where the appointment is not made by the donee, the tax applies, and as stated above, we think the Legislature had the right to tax the beneficiaries coming into the possession and enjoyment of the estate at the death of the donee."

This case and other excerpts would be of persuasive influence, as is contended by appellant, were it not for the fact that the court was construing the Statutes of 1930, not the 1936 proviso, which brings about the confusion in consideration of the question here presented.

There is some force in the argument that the statute should be given construction as if the proviso embraced the words "after the effective date of this act;" that omitting the phrase, and that giving the proviso literal effect would lead to an impossibility. Such would be perhaps awkward, though not impossible, since the Commission had before it the return on the estate of A. Hite Barrett.

If the statute be not given such construction, then there is no authority (under the proviso) for taxing the transfer at the death of the donee of the power. Consideration of the question brings forward several well-known rules of statutory construction. A statute should not be construed so as to lead to an absurd conclusion; Martin v. Louisville Motors, 276 Ky. 696, 125 S. W. (2d) 241; statutes should be given practical interpretation to carry out manifest purpose. Rouse v. Johnson, 234 Ky. 473, 28 S. W. (2d) 745, 70 A. L. R. 1077; when language of a statute is free from ambiguity, exact language thereof should be followed. Hurry Up Broadway Co. v. Shannon, 267 Ky. 302, 102 S. W. (2d) 30. While it may

not be said that the language contained in the section under question is ambiguous, the conflict here arises solely by reason of the fact that the first portion of the section authorizes taxation at one time; the proviso at a different time.

Without reference to further citations exemplifying the rules noted, we find ourselves also confronted with a rule of construction which is of long standing and universal application; that revenue statutes in cases of doubt should be construed favorably to the taxpayer as against the Government; some of the earlier cases applying the rule are Smith v. Ryan, 88 Ky. 636, 11 S. W. 647; City of Maysville v. Maysville St. R. & Transfer Co., 128 Ky. 673, 108 S. W. 960; Com. v. Southern R. Co., 193 Ky. 474, 237 S. W. 11. With the growth and development of taxation, the question has arisen more frequently. Martin v. F. H. Bee Shows, 271 Ky. 822, 113 S. W. 448; Maloney Davidson Co. v. Martin, 274 Ky. 449, 118 S. W. (2d) 708; Com. ex rel. Martin v. Stone, 279 Ky. 243, 130 S. W. (2d) 750. In Reeves v. Brown-Forman Distillers Corp., 288 Ky. 667, 157 S. W. (2d) 297, we held that taxing statutes should be liberally construed in favor of the taxpayer, and the burden not imposed upon him, except by clear and explicit language, and if doubts exist such should be resolved against the taxing power. This is the rule in the Supreme Court of the United States: "Whatever doubt exists in a tax measure must be resolved against the Government." Schwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454; United States v. Goelet, 232 U. S. 293, 34 S. Ct. 431, 58 L. Ed. 610; United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461; Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397.

That there is a doubt here sufficient to justify us in applying the latter rule of construction is manifest because able attorneys have sharply raised the question, and further because of the difficulty we have in solving the problem. It may also be noted that the legislature recognized the confusion, since by Chap. 204, p. 895, Acts of 1942, it amended and re-enacted the section in question in such a way as to carry into the law the same thought, had the words interpolated in our quotation, supra, been carried in the proviso, and giving the act the effect sought here. We find little difficulty in ap-

plying the rates to the property here sought to be taxed, as fixed in the 1924 Act.

The particular section of the 1936 Act related more to procedure than to revenue raising, and since there is conflict resulting to the disadvantage of the taxpayer, the doubt requires the advantage to move to the taxpayer. There is authority to the effect that the repeal of a statute imposing inheritance taxes, does not deprive the taxing authorities of collecting taxes accrued, even though no steps had been taken to collect. Hertz v. Woodman, 218 U. S. 205, 30 S. Ct. 621, 54 L. Ed. 1001; Cochran v. United States, 254 U. S. 387, 41 S. Ct. 166, 65 L. Ed. 319. The rule should work in both directions, and the taxpayer should be given the benefit of an amendatory statute which would permit its application of the doubtful import of the proviso. Agreeing fully, though it has been disputed in other jurisdictions, that the legislature had the power to tax, at the death of the donee, the estate which passed as the result of the failure to exercise the power, it does not follow that, as provided in the 1936 amendment, it could not treat as the taxable event the transfer as if from the donor, and tax it as of that date. The latter course seems the less objectionable, and it is noted the Act provides for adjustments under conditions which might arise.

We repeat that the constitutionality of the 1936 amendment is not attacked; the sole question before us is whether we are to assume, because of the inconvenience and possible diminution of revenue resulting from a contrary construction, that the legislature intended to limit its application to powers of appointment created subsequent to the Act's effective date. This we are not inclined to do, in view of the language employed.

Being of the opinion that the chancellor's conclusion is correct the judgment is affirmed. The whole court sitting.

Judge Cammack dissenting.