## Ream v. Department of Revenue

January 30, 1951.

W. B. Ardery, Judge.

540

Allen Prewitt and David L. Thornton for appellant.

A. E. Funk, Attorney General, Hal O. Williams, Assistant Attorney General, and Roy H. Pennington, Assistant Attorney General, for appellee.

JUDGE MILLIKEN—Reversing.

The appellant challenges the power of the Department of Revenue to levy an inheritance tax on property passing to her under the exercise of a nonresident, general power of appointment in her favor by her husband, a Kentucky testator.

Edward K. Ream died testate on September 30, 1946, a resident and citizen of Woodford County, Kentucky, and exercised in favor of his wife, the appellant, Nell S. Ream, a general power of appointment to be exercised by will, given him by the will of his mother, Carolyn P. Ream, who died December 12, 1924, a resident of the State of Connecticut. Connecticut taxed the entire estate of Carolyn P. Ream at the time of her death, and now the Department of Revenue of Kentucky has assessed an inheritance tax of $11,886.64, based on 1946 rates, against the $323,732.86 net value of the property passing to his wife by the exercise of the power of appointment in her favor. The property covered by the power of appointment is in trust in the State of New York.

It is stipulated by the parties that "Edward K. Ream (the donee) was born September 28, 1884, was 40 years of age and in good health at the death of Carolyn P. Ream. At the time of the death of the donor (Carolyn P. Ream) in December, 1924, the total value of both the life interest of Edward K. Ream and of the

remainder which might be appointed by his will was $315,041.19. Under KRS 140.040, 1946 Edition, and the opinion of the Court of Appeals in Reeves v. Fidelity & Columbia Trust Co., Etc., 1942, 293 Ky. 544, 169 S. W. 2d 261, it has heretofore been the uniform practice of the Department to collect the tax on appointed property at the death of a resident donor, and at the death of the donee of the power to add the value of the appointed property to the donee's separate or own estate for the purpose only of ascertaining the rates and exemptions applicable to such separate estate, excluding all tax computed on the appointed property itself from the tax payable upon the death of the donee on his separate estate. The Department has not had any case of a non-resident donor and a resident donee of such power."

It is expressly stated in the pertinent provision of the will of Carolyn P. Ream, the donor, that her trustees and their successors shall "transfer, pay over and deliver the principal of said trust estate to such person or persons and in such proportion to each as my said son (Edward K. Ream) may by his last will and testament appoint * * *." Edward K. Ream had been a resident and was domiciled in Kentucky for many years before his death, and an instrument dated at Versailles, Kentucky, on September 4, 1941, and subscribed by him, was probated as his holographic last will and testament by the Woodford County Court on October 3, 1946. By the stipulation of the parties to this litigation this Kentucky will was accepted by the courts of Connecticut and the trustees in New York as the last will and testament of Edward K. Ream and as his effective exercise of the general power of appointment given him by the will of his mother.

In hearings before the Kentucky Tax Commission and the Franklin Circuit Court, Nell S. Ream, individually and as executrix of the will of her husband, failed to obtain acceptance of her contention that Chapter 140, KRS (1946 Edition), does not authorize assessment of an inheritance tax upon the property passing to her under the exercise of the power of appointment by her husband, and she has appealed.

Grounds urged for reversal of the judgment are: (1) That it is not the intent of Chapter 140 of the Kentucky Revised Statutes, 1946 Edition, to levy an inher-

itance tax upon a transfer of property outside the State under a nonresident testamentary power; (2) that KRS 140.040, 1946 Edition, makes the death of the donor, Carolyn P. Ream, the only taxable event; (3) that KRS 140.275 expressly declares it to be the legislative policy of Kentucky not to be a party to interstate double taxation; and (4) that, in any event, the Department of Revenue improperly adopted the value of the property at the death of the donee in 1946 instead of the value at the death of the donor in 1924 as the basis for the tax.

Before discussing the grounds urged for reversal, it may be well to recall that in 1942, in the case of Graves v. Schmidlapp, 315 U. S. 657, 62 S. Ct. 870, 8 L. Ed. 1097, 141 A. L. R. 948, Chief Justice Stone upheld New York's right to tax and cleared the way from a Federal Constitutional viewpoint for the levy of inheritance taxes by the states in situations analogous to the one which we now have under consideration. Graves v. Schmidlapp expressly overruled Wachovia Bank & Trust Co. v. Doughton, 272 U. S. 567, 47 S. Ct. 202, 71 L. Ed. 413, and held that the exercise of a power of appointment given under the will of a nonresident donor may be taxed for inheritance tax purposes by the state of the donee's residence, the court saying:

"Intangibles, which are legal relationships between persons and which in fact have no geographical location, are so associated with the owner that they and their transfer at death are taxable at the place of his domicile where his person and the exercise of his property rights are subject to the control of the sovereign power. His transfer of interests in intangibles, by virtue of the exercise of a donated power instead of that derived from ownership, stands on the same footing. In both cases the sovereign's control over his person and estate at the place of his domicile and his duty to contribute to the financial support of government there, afford adequate constitutional basis for the imposition of a tax. * * *

"In numerous other cases the jurisdiction to tax the use and enjoyment of interests in intangibles regardless of the location of the paper evidences of them, has been thought to depend on no factor other than the domicile of the owner within the taxing state. And

it has been held that they may be constitutionally taxed there even though in some instances they may be subject to taxation in other jurisdictions, to whose control they are subject and whose legal protection they enjoy. And such interests taxable at the domicile of the owner have been deemed to include the exercise or relinquishment of a power to dispose of intangibles (citing cases). * * * But if, as is assumed, the power has been effectively exercised, the New York will is the implement of its exercise, made effective as a will by New York law whose aid the decedent invoked for the exercise and enjoyment of the property right conferred on him by the Massachusetts will. Its exercise is a subject over which the sovereign power of taxation extends." [315 U. S. 657, 62 S. Ct. 873.]

Although the parties have conceded the constitutionality of Kentucky's power to tax in the premises of this case, we have quoted the opinion of Graves v. Schmidlapp for the purpose of showing the evolution of the applicable law and the theory on which it is based.

The ruling in Graves v. Schmidlapp is a modification for state inheritance purposes of the common-law dogma which declared, as to the operation of powers of appointment, that the devolution of the property is from the donor to the appointee (from Carolyn P. Ream to Nell S. Ream); and it is the donor's instrument which affects the transfer and the property never belongs to the donee (Edward K. Ream). As a matter of construction, it is to be inferred that a Legislature intends the common-law principles to apply unless the contrary is stated or unless the statute declares a legislative policy which would be defeated by their application. See Restatement of the Law of Property, sec. 333, page 1879. See, also, 41 Am. Jur., Powers, sec. 70.

Kentucky is listed in the Restatement as one of the states whose statutes declare, in substance, that, in the application of the inheritance tax law, an appointment by the donee (Edward K. Ream) should be deemed a transfer of the property by the donee taxable in the same manner as if the donee had owned the property and had devised or bequeathed it. Restatement of the Law of Property, page 1881.

At the time of the death of the donee, Edward K.

Ream, in 1946, KRS 140.040 declared in part: "Whenever any person shall exercise a power of appointment derived from any disposition of property regardless of when made, such appointment when made shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will * * *. Provided that in the case of such power of appointment, the transfer shall be deemed to take place, *for the purpose of taxation,* at the time of the death of the donor and the assessment be made at that time against the life interest of the donee and the remainder against the corpus and collection thereof shall be made pursuant to KRS 140.230." The proviso clause was enacted in 1936.

It will thus be seen that the statute expressly disregards the old common-law theory and declares the exercise of a power of appointment by a donee to be a taxable transfer just as if the donee owned the appointed property outright. The statute makes no distinction between powers derived from resident donors and nonresident donors, but covers the exercise of a power of appointment "derived from *any* disposition of property regardless of when made." The provision of the statute that "in the case of such power of appointment, the transfer shall be deemed to take place, for the purpose of taxation, at the time of the death of the donor," harks back to the common-law theory. It probably was intended to cover only resident estates coming before the Department thereafter (after 1936) in which future interests in property were involved, but it does not clearly say so; it probably was intended to enable the Department to tax the future interest at the time it taxed the life inerest or interest in possession, and thus avoid loss of revenue where property was removed from the state. But since there is confusion or ambiguity in the meaning of this portion of the statute, it should be resolved in favor of the taxpayer under familiar rules of construction. Reeves v. Fidelity & Columbia Trust Company, 1943, 293 Ky. 544, 169 S. W. 2d 621. The statute declares the modern intention to tax all, but follows the common-law theory in applying the tax.

Since the wording of the 1936 proviso of KRS

140.040 leaves its intention in doubt, that doubt should be resolved in favor of the taxpayer, and the 1946 transfer taxed as if "at the time of the death of the donor (in 1924) and the assessment be made at that time against the life interest of the donee and the remainder against the corpus." Since Kentucky had no jurisdictional power to tax the life interest of the donee, Edward K. Ream, in 1924, the 1924 value of that life interest should be determined, deducted from the gross 1924 estate, and the remainder taxed by Kentucky at the rates prevailing in 1924.

We are not impressed with appellant's contention that Kentucky did not intend to include this property for taxation under KRS 140.010, nor do we believe the tax levied is double taxation in the sense that it contravenes the spirit or provision of KRS 140.275.

The judgment is reversed for the levy of a tax consistent with this opinion.