**INTERNATIONAL HARVESTER COMPANY, Appellant,**

v.

**Earnest BROWN et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 3, 1956.

James Sampson, William A. Rice, Harlan, for appellant.

J. Leonard Davis, Harlan, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded compensation to Earnest Brown for total permanent disability, arising from a herniated intervertebral disc suffered in an accident in his employer's coal mine. On appeal to the circuit court the award was upheld. On its appeal to this Court the employer maintains that the board erroneously permitted the claimant to introduce in rebuttal certain medical testimony that should have been introduced in chief, and that the board was not entitled to base its award on the evidence so erroneously admitted.

The evidence before the board was taken by deposition. The claimant, within the time allowed for preparing his case in chief, submitted the depositions of two doctors who expressed the opinion, based upon external examination of the claimant, that he had a herniated disc. Neither of these doctors had employed a myelogram test, but both stated that such a test ordinarily would be performed to determine the presence or absence of a herniated disc.

The employer introduced the depositions of a number of doctors who expressed the opinion that the alleged disability did not exist. One of these doctors had taken a myelogram test, which he stated showed clearly the absence of a herniated disc.

During the time allowed for taking evidence in rebuttal, the claimant was examined by two additional doctors, one of whom took a myelogram test. He testified that the test disclosed a herniated disc, and the other doctor confirmed his opinion from the reported results of the test. It is the contention of the appellant that this latter testimony was not proper rebuttal evidence and should not have been considered.

In Perry McGlone Const. Co. v. Shaw, 283 Ky. 84, 140 S.W.2d 829 at page 830, this Court said:

" * * * Appellant also objected to some of the evidence upon which the award of the full board was made because it was introduced in rebuttal when it was in fact evidence in chief. While some of the evidence objected to might properly have been introduced in rebuttal, in the main it should have been introduced in chief, but under section 4930 of the statutes (now KRS 342.260) the board is not required to follow strict technical rules of common law procedure and we are not therefore inclined to disturb the judgment confirming the award because of irregularity in introducing evidence in the particular indicated. * * * "

We adhere to the view expressed in the Shaw case.

The judgment is affirmed.