**BROWN-FORMAN DISTILLERS COR-PORATION, Appellant,**

v.

**COMMONWEALTH OF KENTUCKY, DEPARTMENT OF REVENUE, etc., Appellee.**

Court of Appeals of Kentucky.

May 19, 1961.

Squire R. Ogden, Malcolm Y. Marshall, Ogden, Brown, Robertson & Marshall, Ben H. Morris, Louisville, for appellant.

William S. Riley, Virginia R. Collins, Department of Revenue, Frankfort, for appellee.

WADDILL, Commissioner.

The 1956 Legislature, by House Bill 516, amended KRS 243.680(1) by increasing from 5¢ to 10¢ the tax to be paid on each proof gallon of distilled spirits at the time the distiller obtains from the department a permit to engage in the business of manufacturing such spirits. The Act became effective May 18, 1956, and shortly thereafter we held in Foster Trading Corporation v. Luckett, Ky., 303 S.W.2d 315, that the increase of the tax rate was not confiscatory. Prior to May 18, 1956, appellant had purchased permits at the rate of 5¢ per gallon which entitled it to market a certain number of proof gallons of distilled spirits. See KRS 243.707. However, the Department of Revenue required appellant to pay the increase in the tax on all distilled spirits it manufactured in Kentucky after May 17, 1956. Appellant paid the additional 5¢ tax under protest.

The basic issue is whether appellant is entitled to a refund of taxes it paid under protest. The determination of this issue depends upon the interpretation of KRS 243.680(1) which provides that:

> "No person shall manufacture distilled spirits in this state unless he first obtains from the department a permit · to engage in the business of manufac- ‥

turing distilled spirits. At the time of the issuance of the permit he shall pay to the state a tax of ten cents for each proof gallon of distilled spirits for which the permit is issued."

The Franklin Circuit Court upheld the order of the Kentucky Tax Commission dismissing appellant's application for a refund. In a written opinion the trial court stated that:

"* * * the so-called 'production tax' imposed under KRS 243.680 is a license and privilege tax upon the act or operation of producing distilled spirits; and that when such act or operation of production takes place after the effective date of House Bill 516, the 10¢ rate applies."

In substance, appellant contends that KRS 243.680(1) imposes a tax upon engaging in the business of manufacturing distilled spirits and it is therefore an occupational tax, while appellee argues that the incidence of the tax is upon the manufacture of distilled spirits and consequently it is a production tax. The parties seem to agree that appellant is entitled to a refund if the tax imposed by KRS 243.680(1) is an occupational tax.

The soundness of appellee's argument— that the tax is upon the mechanical act of production—is certainly questionable in light of the history and language of the statute itself. The statutes embodying this tax have, since 1933, contained language requiring "a permit to engage in the business of manufacturing distilled spirits." We also observe that the tax has always been payable "at the time of the issuance of the permit" and that neither the statute nor the permit (prepared by the department) contains any provision purporting to limit the time within which to manufacture and market the distilled spirits.

In Glenmore Distilleries Co., Inc. v. Department of Revenue, 1939, 279 Ky. 505, 131

S.W.2d 460, wherein the company sought to manufacture the same number of gallons of whisky which had been destroyed by fire after payment of the required tax, without the payment of an additional tax, we denied the relief requested and, in effect, held that the tax in question was a production tax. This construction of the statute (formerly 4214a–13, now KRS 243.-680(1)) was subsequently nullified (in 1942) by the enactment of KRS 243.707 which reads:

"It is hereby declared to be and to have been the legislative intent to allow and to have allowed Kentucky manufacturers of distilled spirits to place upon the market one proof gallon of distilled spirits, less shrinkage and leakage, for each such gallon tax-paid under the provisions of KRS 243.680, and to allow said Kentucky manufacturers of distilled spirits the same privileges under the Kentucky law which they now have and heretofore have had under the Federal law relating to accidental destruction of such spirits by fire."

Since KRS 243.680(1) is a revenue measure and inasmuch as its language creates doubt (even when considered in connection with KRS 243.707) as to whether the legislature intended to impose a production or occupational tax, we will follow the accepted rule of construction and will resolve the doubt in favor of the taxpayer. Reeves v. Fidelity & Columbia Trust Co., 293 Ky. 544, 169 S.W.2d 621; Reeves v. Brown-Forman Distillers Corp., 288 Ky. 677, 157 S.W.2d 297. Therefore, we conclude that the circuit court should have ordered a refund.

The judgment is reversed with directions to enter a new judgment ordering the Department of Revenue to grant appellant a refund of the taxes it paid under protest.

WILLIAMS, J., dissenting.