**ESTILL COUNTY FARM & HOME SUPPLY COMPANY et al., Appellants,**

v.

**William C. PALMER, Appellee.**

Court of Appeals of Kentucky.

June 23, 1967.

---◆---

Charles Wylie, Wylie & Sloan, Lexington, Paul D. Rehm, Versailles, for appellants.

P. J. Flaherty, Shumate, Shumate & Flaherty, Irvine, for appellee.

MILLIKEN, Judge.

William C. Palmer, a 75-year old skilled cement worker and carpenter, was found to be permanently and totally disabled after an injury incurred while working on a building being constructed by and for the Estill County Farm & Home Supply Company. He was awarded compensation accordingly, part payable from The Special Fund supervised by the Workmen's Compensation Board, and the award was affirmed by judgment of the Estill Circuit Court. The sole issue on this appeal is whether the Board was correct in concluding that Palmer was an employee rather than an independent contractor.

Palmer testified that one of the partners of the Supply Company, Orville Meade, telephoned him to ask his help on construction of a building for the Supply Company which was then underway; that they want-ed him to help finish the building; that he was paid 12½ cents for each concrete block laid and, later was paid at the rate of $2.50 an hour for carpentry work. He worked steadily, about forty hours a week, from April to August, 1964, when his injury occurred. There was not much need of supervision because the building was laid out when Palmer started to work, but Orville Meade stopped periodically to tell him what to do. Palmer testified that no Social Security or income tax deductions were taken from his earnings. He had had two other repair jobs in 1964 for other persons and his total earnings from all his jobs for that year were approximately $2,000.

No testimony was offered by the employer except that given by medical witnesses, so Palmer's testimony as to the circumstances of his working arrangement was uncontradicted. He stated that he bought no supplies for the construction work and employed none of the men on the job. Orville Meade, a partner in the Supply Company, testified by deposition, over objection of the Company's counsel, that Palmer was the Supply Company's employee and he had listed Palmer's occupational classification with the Supply Company's insurer for Workmen's Compensation.

We have here a situation where a building supply company had undertaken to build its own building and needed skilled help to accomplish it. In this respect it is distinguishable from the usual arrangement where a general contractor has been hired or contracted to erect the building, supplying the necessary skilled personnel to do it. The fact that Palmer was a skilled workman, capable of exercising his skill without general supervision and using his own tools on the job, does not in our judgment preclude his being an employee. Here, he was hired to do particular work, albeit for an indeterminate length of time, work which the Company was undertaking to do for itself with the help of some of its regular employees. Palmer was not con-

tacted to supervise the work, but to do skilled work for the Company on a special job it was undertaking to do for itself.

Is the legal relationship created here much different than it would be if the Company should hire a girl stenographer to do work which the Company's regular secretarial staff could not do for lack of time, or to do special stenographic work at the Company's office which it usually had farmed out to a public stenographer or addressing service to do for it? Both Palmer and the extra typist are skilled people, need to be told what they should work at, but do not ordinarily need supervision while doing it. Furthermore, the Company is a business entity which employs labor to carry on its work, and its undertaking to build its own building was a part of its work at the time Palmer was contacted. It is not a man's skill which determines his legal relationships with others, but rather the circumstances invoking the use of his skill which are the determinants.

The appellant complains that the testimony of Orville Meade, one of the partners in the Company, that he had listed Palmer's occupational classification with the Company's Workmen's Compensation insurance carrier was improperly considered because it was given on rebuttal and should have been introduced in chief if admitted at all. It was the statement of an important fact and, therefore, relevant. We have held that deviation from the order of proof before administrative boards and before a court when a jury is not involved, was not prejudicial. Jacobs v. Alcoholic Beverage Control Board, Ky., 299 S.W.2d 613 (1957); Perry McGlone Construction Company v. Shaw, 283 Ky. 84, 140 S.W.2d 829 (1940). The Workmen's Compensation Board is not required to follow strict technical rules of common law procedure. KRS 342.260. Even in jury cases, the trial court is permitted wide discretion in the order of evidence. Marlowe Construction Company v. Jacobs, Ky., 302 S.W. 2d 612 (1957), citing CR 43.02(3 and 4).

We conclude that there was substantial evidence to support the Board's finding that Palmer was an employee.

The judgment is affirmed.

All concur.