**William R. CHAMBERS, Appellant,**

v.

**WOOTEN'S IGA FOODLINER et al.,
Appellees.**

Court of Appeals of Kentucky.

Jan. 17, 1969.

Kelsey E. Friend, Friend & Mullins, Pikeville, for appellant.

David O. Welch, Dysard & Welch, G. B. Johnson, Jr., Ashland, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellees.

CLAY, Commissioner.

Appellant's workmen's compensation claim was dismissed on the ground that he was an independent contractor. On appeal the circuit court upheld this order of the Board. Appellant seeks reversal on the ground that as a matter of law he should be classified as an employee of the principal appellee.

The principal appellee, Wooten's IGA Foodliner, Inc., operated a grocery store. The building in which the business was carried on was rented but appellee had the obligation to maintain and repair it. Ap- pellee engaged appellant to repair the roof on the building. While working on this job, appellant fell from one of his own ladders and was injured.

Appellant was a "professional roofer" (the only one in the community). For the most part he used his own tools. He employed two of his sons as his helpers. Appellee exercised no control over the manner in which the work was performed. Appellant had done other work for appellee such as painting and ditch digging, but he also worked for others in jobs of this nature. He was paid on an hourly basis. Appellee did not withold any social security, unemployment compensation or other contributions from appellant's pay, nor was any representation made by appellee that appellant was covered by workmen's compensation.

Appellant asserts that since the facts were not disputed, the question of whether he was an employee or an independent contractor is a matter of law. Brewer v. Millich, Ky., 276 S.W.2d 12. Even so, we are of the opinion the Board properly applied the law.

While many tests are appropriately considered, we think the predominant ones encompass the nature of the work as related to the business generally carried on by the alleged employer, the extent of control exercised by the alleged employer, the professional skill of the alleged employee, and the true intentions of the parties. On all of these counts it is clear appellant was an independent contractor. See Brewer v. Millich, Ky., 276 S.W.2d 12, and Ratliff v. Redmon, Ky., 396 S.W. 2d 320. In both of these cases the claimant was found to be an employee, but in both of them the engaged party was carrying on the normal business of the employer. There were several other factors which compelled a finding of the employer-employee relationship which we do not have in the present case. In relying on those cases as determinative here, appellant makes the argument that since appellee was

required by its lease to repair the building, the roofing enterprise fell within the scope of its customary business, and also the argument that appellant was not a skilled worker. We find such arguments completely unrealistic.

Because of the peculiar facts there involved, Estill County Farm & Home Supply Co. v. Palmer, Ky., 416 S.W.2d 752, is clearly distinguishable from the present case. With respect to the controlling facts which collectively outweigh the liberal construction of the workmen's compensation law in the workman's favor, we think New Independent Tobacco Warehouse, No. 3 v. Latham, Ky., 282 S.W.2d 846, is more closely applicable.

The judgment is affirmed.

All concur.