Mary Frances **CARTER**, Appellant,

v.

**MARTIN PETROLEUM CO.** et al.,
Appellees.

Court of Appeals of Kentucky.

Nov. 27, 1970.

Richard D. Gilliam, Jr., Hugh D. Moore, Gilliam & Moore, Owensboro, for appellant.

Nathan B. Cooper, Bratcher, Cooper & Flaherty, Charles S. Wible, Lovett, Kusch & Wible, Owensboro, for appellees.

DAVIS, Commissioner.

As surviving widow of Thurman Carter, the appellant sought workmen's compensation based on her claim that her husband's death was occasioned by an accident arising out of and in the course of his employment. The appellees defended on the basic ground that Carter was acting as an independent contractor and was not an employee within the purview of KRS Chapter 342. That defense was upheld by the Board and the circuit court.

The appellant seeks reversal, asserting that (1) Carter was an employee within KRS 342.005(1); (2) Carter's average weekly earnings were sufficient to warrant maximum compensation; and (3) appellee Shell Oil Company was a principal contractor as prescribed by KRS 342.060.

The court is of the view that Carter was an independent contractor, not an employee. Hence, it will be unnecessary to consider contentions (2) and (3) advanced by the appellant.

Martin Petroleum Company (Martin) was a jobber for Shell Oil Corporation (Shell). Martin was lessee from Akers and Mitchell of a filling-station site located at Fourth and Cedar Streets in Owensboro. Carter lost his life as the result of a fire and explosion at the site which occurred January 23, 1969. The critical question is whether Carter was an employee of Martin at the time.

It is felt that the following is a fair summary of the evidence relating to the status of Carter:

By oral lease Martin rented the station to Carter "for a year at the time." The rental was fixed at one cent per gallon of gasoline. Carter was to "run it to suit himself and handle [Martin's] products." Martin had no supervision or control of Carter's operation; Carter was free to

maintain such hours as he chose and fix such prices of gasoline as he desired. Martin had no "say" concerning Carter's employees, nor did Martin pay anything to Carter or any of Carter's employees. Martin made no withholding respecting Carter or his employees, nor was any portion of Carter's operation reported by Martin to its compensation carrier.

Carter obtained his own sales and use tax permit covering the operation of the station. Carter filed monthly sales and use tax forms indicating that he was the sole owner of the business. Carter also caused a listing in the yellow-page section of the telephone directory, reflecting himself as the owner of the station. A somewhat similar listing appeared in the 1968 city directory for Owensboro.

Martin furnished the tanks, pumps, lift, and air compressors at the station, and paid for all utilities there. There was evidence that Martin's employee requested Carter to have an automobile removed from a passageway at the request of a neighbor. (This is cited by appellant as evidence that Martin retained supervisory control.)

It was shown by Carter's bookkeeper that Carter sustained a net loss of $1.55 for four months of operation, and that the calculation did not include wages of $5 per day paid by Carter to Clarence Hayes, a more or less regular employee of Carter. It also appears that Carter was "primarily" a mechanic and obtained more income from working in that line than from selling gasoline.

■ On many occasions the court has confronted the problem presented in the present case. The court has recognized that the approach to be used in determining the relation of employer-employee under the Workmen's Compensation Act, vis-a-vis the relation of independent contractor, is a "more liberal construction favoring the employee." Brewer v. Millich, Ky., 276 S.W.2d 12, 15. See also Ratliff v. Redmon, Ky., 396 S.W.2d 320, which recognizes the same principle and catalogs "guidelines"

for use in determining the question, proclaimed by Professor Larson. In the two cases just cited, the court ruled that the claimant was an employee, not an independent contractor. Other decisions in which the same result obtained include Cove Fork Coal Company v. Newcomb, Ky., 343 S.W.2d 838; Bieluczyk v. Crown Petroleum Corp., 134 Conn. 461, 58 A.2d 380, and Gulf Refining Co. v. Rogers, (Tex.Civ.App.) 57 S.W.2d 183.

On the other side of the coin, some of the cases reaching the result that the status of independent contractor obtained are: Big Doubles Coal Company v. Bates, Ky., 447 S.W.2d 355; Chambers v. Wooten's IGA Foodliner, Ky., 436 S.W.2d 265; Reardon v. Southern Tank Lines, Ky., 346 S.W.2d 527.

■ Many citations could be added, but the ones given suffice to point up the problem. No one factor may be deemed dispositive of the issue as to the status of employee or independent contractor. The court will look to the matters of extent of control; whether the one employed is engaged in a distinct occupation or business; the type of business, with reference to whether it is usually performed in the locality under the direction of the employer, or by a specialist without supervision; the skill required in the particular occupation; whether employer or workman supplies the instrumentalities, tools, and place of work; the duration of the employment; the method of payment; whether the work is part of the regular business of the employer; and whether the parties believe they are creating the relationship of master and servant. See guidelines as listed in Ratliff v. Redmon, Ky., 396 S.W.2d 320, 324–325.

■ Without undertaking a point-by-point application of the stated guidelines, it seems plain that Carter was truly an independent contractor, doing his own work in his own way, free from supervisory control of Martin. There is nothing in the record to suggest that Martin or Carter

intended any relationship except that of independent contractor. The subterfuge which has been found in some instances to weigh in favor of finding employer-employee status is not demonstrated here.

Appellant presents a scholarly argument to the effect that "employer-employee" should be found, since (a) the work of Carter was actually part of the regular business of Martin (i. e., the marketing of Shell products to individual consumers through retail service stations), and (b) the "distinct occupation" test really relates to the "economic realities" of the situation. In substance, the appellant contends that the broad social philosophy underlying workmen's compensation impels the conclusion that the "economic realities" here are such that an employer-employee relation must be found to properly allocate the burden of the loss. The court believes any such departure from the established law in such matters would require legislative action.

The judgment is affirmed.

All concur.