**James FIELDS, Appellant,**

v.

**TWIN CITY DRIVE–IN et al., Appellees.**

Supreme Court of Kentucky.

March 5, 1976.

**458**

Buel L. Cox, Louisville, for appellant.

Robert B. Hensley, Munfordville, for appellee Twin City Drive-In.

STERNBERG, Justice.

■ This is a workmen's compensation case. The only issue presented is whether an independent contractor is an employee within the terms of KRS 342.640. The Workmen's Compensation Board found in the negative. On appeal to the Hart Circuit Court, the finding of the Board was sustained. Inasmuch as the issue involves interpretation of a relatively new statute which replaced one that had been repealed, it is necessary that we consider them both.

The Workmen's Compensation Act (former KRS 342.005) applied " * * * to all employers having three (3) or more employees regularly engaged in the same occupation or business * * *." This statute was consistently, and not infrequently, construed to exclude an independent contractor from being an employee. *Ratliff v. Redmon*, Ky., 396 S.W.2d 320; *Chambers v. Wooten's IGA Foodliner*, Ky., 436 S.W.2d 265; and *Carter v. Martin Petroleum Co.*, Ky., 460 S.W.2d 810. Also see 81 Am. Jur.2d, Workmen's Compensation, Sec. 167.

The regular 1972 session of the General Assembly enacted Chapter 78. Section 36 thereof repealed KRS 342.005 and Section 4 thereof has been codified as KRS 342.640. The repeal of 342.005 and the enactment of 342.640 became effective January 1, 1973. So much of KRS 342.640 as is applicable to the issue provides as follows:

"Coverage of employes.—The following shall constitute employes subject to the provisions of this chapter, except as exempted under KRS 342.650:

(1) Every person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, express or implied, and all helpers and assistants of employes whether paid by the employer or employe, if employed with the knowledge, actual or constructive, of the employer."

■ Appellant contends that the legislature broadened the coverage and that now any person in the service of an employer under any contract of hire is an employee and is subject to the provisions of the Workmen's Compensation Act. It is true that the Act contemplates an employer and employee relationship which has been brought about by an express or implied contract. It does not necessarily follow, however, that all persons working under a contract are employees as contemplated by the Workmen's Compensation Act. When we paraphrase the current statutory provisions relating to coverage under the Act, we find that any person * * * that has in this state one or more employees (KRS 342.-630) in the service of an employer under any contract of hire (KRS 342.640) shall be

liable for compensation for injury (KRS 342.610) * * * based on average weekly wages (KRS 342.730, 342.740, 342.750). The phrase "contract of hire" does not add some magic quality to the basic concept of the Act. A sow's ear is a sow's ear, regardless of what it is called. Nevertheless, under the current statutes, even as they were before January 1, 1973, it is the employer and employee relationship that must exist before a person comes within the provisions of the Act.

When we take into consideration the purpose of the Act and the nature and extent of the changes made at the regular 1972 session of the General Assembly, the court is of the opinion that there is. no intention manifested by the legislature to encompass an independent contractor within the definition of "employee" as used in the Workmen's Compensation Act.

The judgment is affirmed.

All concur.