**Harold BARNES, d/b/a Sulphur Creek Marina, Appellant,**

**v.**

**DEPARTMENT OF REVENUE, Commonwealth of Kentucky, and Maurice P. Carpenter, Commissioner, Kentucky Department of Revenue and Commonwealth of Kentucky, Office of the Attorney General and the Kentucky Board of Tax Appeals, Appellees.**

Court of Appeals of Kentucky.

Dec. 22, 1978.

Phyllis A. Sower, Michael L. Judy, Johnson, Judy & Gaines, Frankfort, for appellant.

William P. Sturm, Dept. of Revenue, Frankfort, for appellees.

Before HOGGE, VANCE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered March 6, 1978, which affirmed an order of the Kentucky Board of Tax Appeals, holding that the appellant's houseboats were not exempt from use tax under KRS 139.-483.

Appellant owns and operates a boat dock located on Dale Hollow Lake and has been in the marina business since early 1960. The business has been audited by the Revenue Department for sales and use tax purposes on three occasions. Previous audits have not resulted in any deficiency assessments regarding the houseboats. In 1974, the sales and use tax records of the appellant were examined by the Department for the years July 1, 1970, through July 30,

1974, and the result was a deficiency assessment of $2,874.09 use tax for the purpose of four houseboats during the audit period. The boats are registered by the appellant as livery or boats for hire and are leased on a weekly basis. The deficiency was challenged by the appellant within the Revenue Department system and the Department ruled that the exemption relied upon by the taxpayer, for excluding the houseboats from use tax, related only to river-industrial vessels, such as barges and towboats, and was a provision of the Port and River Development Commission Act. A petition of appeal was taken to the Kentucky Board of Tax Appeals, which ruled that the houseboats were subject to use tax, and that KRS 139.483 is an integral part of the Port and River Development Act of 1966. Further appeal was taken to the circuit court which affirmed the decision of the Board of Tax Appeals. This appeal followed.

Appellant sets out the following arguments:

1) The orders of the circuit court and the Board of Tax Appeals are not in conformity with the law and are not supported by substantial evidence.

2) If the meaning of KRS 139.483 is in doubt, then any doubt must be resolved in favor of the taxpayer.

3) The Board of Tax Appeals and the circuit court erred in that they usurped the power of the legislature.

This Court reverses the judgment of the trial court and the Kentucky Board of Tax Appeals.

The crucial issue is whether the houseboats of the appellant are exempt from sales and use tax under KRS 139.483.

■ KRS 139.483 is a sales and use tax statute which specifically exempts from taxation ships and vessels used principally in the transportation or conveyance of persons for hire. The Revenue Department contends that the statute is an integral part of the Port and River Development Commission Act, and therefore, relates only to river-industry vessels such as barges and towboats, not including pleasure craft. It appears to us that the statute is on its face an integral part and is located in the sales and use tax provisions of Chapter 139 of the statutes.

■ Statutory language must be given its clear and commonly accepted meaning. We find that the statute contains no language excluding houseboats from the application of the exemption. The statute draws no distinction between industrial commercial craft and pleasure commercial craft.

■ We must also consider the past practice of the Department of Revenue which was not to collect use tax on houseboats. Appellant had been previously audited and no deficiency assessments regarding houseboats were made. Appellant testified that others in the marina business have not been paying nor were required to pay use tax on their houseboats. Similar testimony was received from the appellant's accountant. The testimony of Department of Revenue officials indicates that there had been no previous taxation of houseboats. It is well established that the practical construction of a statute by administrative officers over a long period of time is entitled to controlling weight. *Grantz v. Grauman*, Ky., 302 S.W.2d 364 (1957). Because the Revenue Department has not previously assessed a use tax on houseboats they should not be permitted to impose this tax at this time without statutory authority.

■ The Kentucky Board of Tax Appeals and the trial court committed reversible error in holding that the Revenue Department was correct in excluding houseboats from the tax exemption. The statute contains no reference to a distinction between industrial commercial craft as opposed to pleasure commercial craft. Such a distinction is neither evident nor implied by the language of the statute. It appears to us that the statute has a general application to all ships and vessels which are used primarily in the transportation of property or in the conveyance of persons for hire. If the application of KRS 139.483 is to be

modified in any way, such a distinction must come from the legislature and not from the Department of Revenue. If there is an omission in KRS 139.483 it must be rectified by the General Assembly only. The construction of the statute by the Revenue Department is improper because the applicability of a tax is not a matter of administrative manipulation. *Commonwealth ex rel. Ross v. Lee's Ford Dock*, Ky., 551 S.W.2d 236 (1977).

If the statute is applied so as to exclude from taxation boats or vessels such as the Belle of Louisville or the Delta Queen, but not other vessels, then the statute is unconstitutional because it results in discrimination and unjust treatment of a particular taxpayer. *George v. Scent*, Ky., 346 S.W.2d 784 (1961). Uniformity of taxation is required by Kentucky law.

It is well settled that when there is confusion, ambiguity or doubt about the meaning of a statute, such doubt must be resolved in favor of the taxpayer. *Brown-Foreman Distillers Corp. v. Commonwealth*, *Dept. of Revenue*, Ky., 346 S.W.2d 752 (1961).

Here, it appears that the judgment of the trial court and the Board of Tax Appeals are at variance with the clear meaning and language of the statute. If there is a doubt as to the meaning of the statute, such doubt should be resolved in favor of the taxpayer, and therefore, the Board and the lower court were erroneous in their decisions.

It is the holding of this Court that houseboats are exempt from the use tax provision of KRS Chapter 139 by virtue of the exemption created in KRS 139.483. Therefore, the judgment of the trial court and the Board of Tax Appeals is reversed.

All concur.