**SOUTH CENTRAL BELL TELEPHONE COMPANY, Appellant,**

v.

**Yvonne C. EVANS, Mary E. Mayes, Joann Martin and Kentucky Unemployment Insurance Commission, Appellees.**

Court of Appeals of Kentucky.

July 13, 1984.

Discretionary Review Denied by Supreme Court Jan. 9, 1985.

Robert G. Breetz, Stites & Harbison, Louisville, Glenn W. Denham, Denham & Nagle, Middlesboro, for appellant.

R. Jackson Rose, Tazewell, Paul F. Fauri, General Counsel, Lucy B. Richardson, Cabinet for Human Resources, Frankfort, for appellees.

James L. Bowling, Jr., Middlesboro, for amicus curiae.

Before HAYES, C.J., and GUDGEL and HOWERTON, JJ.

HAYES, Chief Judge:

South Central Bell appeals a judgment of the Bell Circuit Court which upheld a decision of the Unemployment Insurance Commission permitting three former Bell employees to draw unemployment benefits for the same weeks for which they were receiving separation and vacation pay.

We believe that the question of the appropriateness of the Commission's decision must be resolved by determining whether the weeks may be characterized as "weeks of unemployment" within the meaning of KRS 341.080(3). The statute provides:

> The term "week of unemployment" means any period of seven (7) consecutive days, as prescribed by cabinet for human resources regulations during which a worker performed less than full-time work and earned less than an amount equal to one and one-fourth (1¼) times the benefit rate determined for him in accordance with the provisions of subsection (2) of KRS 341.380.

Two of the employees at issue here were hourly-rated workers covered under the terms of a collective bargaining agreement between South Central Bell and the Communications Workers of America. The provisions of that agreement required Bell to pay termination allowances at the basic pay rate of the employee for a period determined by the employee's years of service with the company. The agreement also provided for payment for unused vacation days to which the employee would otherwise be entitled.

The third employee involved in this appeal is a management employee not covered by the collective bargaining agreement. She was, however, covered under the terms of a Management Income Protection Plan under which she received separation pay equal to 60% of her annual salary paid to her in semi-monthly installments. She did not receive any vacation pay.

■ Each of these employees were awarded unemployment benefits for each of the weeks for which they received their termination pay. South Central Bell appealed that ruling to the circuit court, and being unsuccessful there, now appeals to this court. Most simply put, it is our task to determine whether the weeks for which these employees received termination pay are "weeks of unemployment" for which they are eligible for unemployment benefits. Our interpretation of KRS 341.080(3) leads us to conclude that the weeks in which these employees received termination pay were weeks of unemployment within the meaning of the statute. The legislature defines "weeks of unemployment" as any period of seven consecutive days during which a worker performed less than full-time work *AND* earned less than one and one-fourth times his benefit rate. The employees at issue here performed no work after their dismissal to entitle them to their severance pay nor did they "earn" the severance pay by being fired. The severance pay received by the discharged workers was a bargained-for agreement directly relating to their *employment.* The right to these payments was earned by virtue of the employee's work despite the fact that the triggering event was discharge from employment. It is clear to us that these employees did not "earn" anything from appellant after their discharge but simply reaped the benefit of previously vested collective bargaining rights.

We view the Commission's policy with respect to severance pay as comporting with the statutory restrictions. Appellant argues that under the reasoning of *Kentucky Unemployment Ins. Com'n v. General Electric Company,* Ky., 473 S.W.2d

808 (1971), any week for which a employee receives pay cannot be considered a week of unemployment. We believe appellant oversimplifies the holding in that case which we view as distinguishable from the case at bar. In *General Electric*, the union contract provided that in the event of a shutdown, all vacations for that calendar year up to two weeks should be considered to run concurrently with the shutdown. This provision applied to vacation eligibility which accrued subsequent to the shutdown by reason of additional continuity of service. Thus in some cases it would not be apparent until the occurrence of a future event (continued service) whether there had in fact been weeks of unemployment.

In the instant case there is no question that the employees had been terminated from their employment. Vacation pay received after separation is in reality another form of severance pay which is distinguishable from the vacation pay at issue in the *General Electric* case. In that situation there was no termination because in some cases eligibility for the vacation pay accrued after the shutdown.

We find no conflict between the Commission's policy regarding severance pay and the statutory provisions. Appellant's assertion that the Commission may not change its position on the issue of severance pay is without merit. We are convinced that an administrative agency may re-examine its policies in the light of recent caselaw and other considerations in order to more accurately reflect statutory directives. *Barnes v. Department of Revenue*, Ky.App., 575 S.W.2d 169 (1978), does not, as appellant suggests, stand for the proposition that an administrative agency may never change its practice with regard to a particular statute. On this point, the court in *Barnes* cites *Grantz v. Grauman*, Ky., 302 S.W.2d 364 (1957), which holds that "[p]ractical construction of an *ambiguous* law by administrative officers continued without interruption for a very long period is entitled to controlling weight." (Emphasis ours). We find no ambiguity in the statutory definition of "weeks of unemployment" or in the statutes outlining disqualifying factors and deductibles. In our opinion, changing policy to better conform to the intent of statutory enactment is within the authority of an administrative body.

Finally, we agree with the Commission's determination that the acceptance of benefits under the termination plans did not constitute a "voluntary quit" as it is clear that the plans could be imposed regardless of acceptance by the employee. These employees were displaced because of "technological advancements" and were slated for termination in any case.

The judgment of the Bell Circuit Court is affirmed.

All concur.