EVANSVILLE PRINTING
CORPORATION,
Appellant,

v.

Bettie L. SUGG, Widow, Robert E. Sugg, Deceased, and Administrative Law Judge W. Bruce Cowden, Jr., Appellees.

No. 91–CA–000383–WC.

Court of Appeals of Kentucky.

Oct. 11, 1991.

**456**

Mary Ann Kiwala, Louisville, for appellant.

John Stanley Hoffman, Sheffer, Hoffman, Thomason & Morton, Henderson, for appellees Sugg and Cowden.

Before CLAYTON, HOWERTON and HUDDLESTON, JJ.

HUDDLESTON, Judge.

This is an appeal by an employer from a decision of the Workers' Compensation Board affirming an opinion and award holding (1) that Robert E. Sugg was an employee within the meaning of Kentucky's Workers' Compensation Statute, and (2) that he was killed during the course and scope of his employment. We agree with the Administrative Law Judge and the Board; hence, we affirm.

Sugg, 59–years–old at the time of his death, was a newspaper carrier for Evansville Printing Corporation [Evansville], publisher of the Evansville Courier & Press. Sugg was a party to two written agreements with Evansville. In one, he agreed to purchase and Evansville agreed to sell newspapers as he, from time to time, required for resale and delivery to his customers. In the other agreement, Sugg was required to furnish his own vehicle, but also received a transportation allowance to defray expenses such as fuel, oil, wear and tear, and other maintenance. On January 3, 1988, Sugg was killed when a newspaper vending machine fell on him in the back of his truck. Sugg's widow and daughter obtained an award which was affirmed by the Board. The Board also found that the appeal from the Administrative Law Judge's award was frivolous. This appeal followed.

On appeal to this Court, Evansville argues that the Administrative Law Judge and the Board erred in finding that Sugg was an employee instead of an independent contractor, despite the language contained in KRS 342.640(5), which provides in pertinent part:

*Coverage of employees*—The following shall constitute employees subject to the provisions of this chapter, except as exempted under KRS 342.650:

(5) Subject to the provisions in subsection (4) of this section, every person regularly selling or distributing newspapers on the street or to customers at their homes or places of business. For the purposes of this chapter such a person shall be deemed an employee of an independent news agency for whom he is

selling or distributing newspapers, or, in the absence of such independent agency, of each publisher whose newspapers he sells or distributes.

Subsection (4) provides:

(4) Every person performing service in the course of the trade, business, profession or occupation of an employer at the time of the injury; ...

Evansville maintains that the parties' purchase agreement renders the statute inapplicable. The agreement purported to disclaim any employer-employee relationship. Paragraph 7 provides:

It is mutually understood and agreed that the Buyer is not in any way hired or employed by nor is he in any manner in the service or employ of the Seller in any respect relative to the subject matter of this Agreement: that the only relationship existing at any time between the parties hereto is that of seller and buyer of newspapers.

In the transportation agreement, Sugg agreed to hold Evansville harmless from any "actions, damages, judgments, cash, expenses, claims or demands which may arise from [Sugg's] use or operation of [his vehicle]."

Evansville additionally relies on *Richmond Newspapers, Inc. v. Gill*, 224 Va. 92, 294 S.E.2d 840 (1982), which held that under the facts of that case the newspaper carrier was an independent contractor. The Court in *Richmond*, however, was not faced with a statute like KRS 342.640(5).

■ Kentucky's Workers' Compensation Statute, evidencing a legislative policy to protect a specific class of workers, is the controlling authority and supersedes common law. *Ream v. Dept. of Revenue*, 314 Ky. 539, 236 S.W.2d 462 (1951). An employer cannot by contrivance force an employee to work outside the protection of the Act, even if the employee acquiesces in the employer's terms. *Husman Snack Foods Co. v. Dillon*, Ky.App., 591 S.W.2d 701 (1979).

Other jurisdictions have brought newspaper carriers under the act, regardless of their legal or contractual relationship. 1C

*Larson's Workmen's Compensation Law*, Sec. 49.22 (1986). Even absent a specific statute, the more recent cases dealing with newspaper carriers tend to find employment. *Id.*, at Sec. 44.33(b). The overall development of workers' compensation law shows that:

the [employment] concept has been broadened and altered (and in rare instances even narrowed) to fit the peculiar needs and purposes of compensation law. It is significant that in areas where the courts fail or are unable to do this, the legislature frequently fills the gap, so that the net result of legislation and judicial decision ultimately approaches coverage of the persons who need the benefits of the act. The largest single category so brought within coverage is that of the employees of uninsured subcontractors; but other specific employments, such as newsboys, caddies, vocational rehabilitation trainees, and independent contractors offering primarily personal service, have also been included legislatively.

*Id.*, at Sec. 43.41.

Because we hold that Sugg was statutorily covered, we need not analyze the various factors set out in *Carter v. Martin Petroleum Co.*, Ky., 460 S.W.2d 810 (1970), which distinguish an employee from an independent contractor. The Administrative Law Judge and the Board found that even under *Carter* alone, Sugg was an employee within the meaning of the Act.

■ Evansville next maintains that Sugg was not killed during the course and scope of his employment. We disagree. KRS 342.680 provides:

*Presumption.*—In any claim for compensation, where the employe has been killed, or is physically or mentally unable to testify as confirmed by competent medical evidence and where there is unrebutted prima facie evidence that indicates that the injury was work related, it shall be presumed, in the absence of substantial evidence to the contrary, that the injury was work related, that sufficient notice of the injury has been given, and that the injury or death was not proximately caused by the employe's intoxication or by his wilful intention to injure or kill himself or another.

Given the undisputed facts, it is presumed that Sugg's death was work-related, and the burden is on Evansville to overcome the presumption by substantial evidence. Evansville maintains that Sugg was replacing a broken vending machine at the time of his death, that this was not a part of his regular duties, and, therefore, his death was not work-related.

Sugg died on a Sunday morning. When his wife started receiving telephone calls from subscribers that their paper had not yet arrived, she and her son drove the route looking for him. They found Sugg's vehicle, but by then it was in the process of being towed away. Sugg was pronounced dead at the scene. Evansville has failed to overcome the presumption that Sugg died of work-related injuries. Moreover, there was even evidence that his area manager had made arrangements for Sugg to transport the vending machine.

▮ The scope of review of this Court includes all matters subject to review by the Board and also errors of law arising before the Board and made available by the Supreme Court rules dealing with review of administrative agency decisions. KRS 342.290. In order for us to reverse the Board's findings, the appellant must present evidence so overwhelming so as to compel a decision in his favor. The Board, and not this Court, has the authority to determine the quality, character and substance of the evidence presented, and we, as a reviewing Court, may not substitute our judgment for that of the Board. *Paramount Foods, Inc. v. Burkhardt,* Ky., 695 S.W.2d 418 (1985). Where there is substantial evidence to support the findings of fact, they may not be disturbed on appeal. *Bethenergy Mines v. Easterling,* Ky.App., 776 S.W.2d 842 (1989). Evansville has failed to meet its burden on appeal.

Accordingly, the opinion of the Board is affirmed.

All concur.